LUCY FULLER v. WARREN ADAMS.

*Referee. Question of Fact. County Court.*

The county court is not a tribunal for finding facts, unless made such by the assent of parties, and in case of a reference, can only pronounce the law upon the facts found by the referee.

ACTION ON THE CASE, to recover damages for the revocation of a submission to arbitration of a cause pending between the parties.

The cause was referred by agreement of parties, who reported the following facts:

That a controversy existing between Warren Adams and Lucy Fuller was submitted by articles of submission to Hon. Julius Converse, and that the 25th day of March, 1869, was agreed upon as the time, and Ludlow as the place of hearing in said arbitration; that the arbitrator met the parties at the time and

place agreed upon, and that thereupon the counsel for Mrs. Fuller gave notice to the opposite party that they should decline to proceed with the hearing under the articles of submission, unless it was made to appear that Mrs. Fuller claimed title to the premises in controversy only in her representative capacity as widow, and administratrix of Amos Fuller's estate; that considerable controversy arose between the parties, and that new articles of submission were drawn and signed by both parties, and the hearing before the arbitrator was thereupon formally commenced under that submission on the same 25th day of March, and was continued, having been adjourned from time to time by agreement for eight days, until the 22d day of April, A. D. 1869, when the submission was revoked by Warren Adams by a written revocation; that in consequence of the revocation by Warren Adams, the plaintiff in this case lost what time and money she had expended in preparation for and trial of said cause up to the time of such revocation.

The plaintiff claims to recover as her costs and expenses in the arbitration as follows:

For witnesses' fees which were agreed upon, and cash paid for service of subpœnas before the referee, and about which there is no dispute,                                                        $34.01

For counsel fees:

| | | | | | | |
|---|---|---|---|---|---|---|
| William H. Walker | 8 | days in | trial at $5.00 per day, | | | 40.00 |
| "        "        " | 2 | "    " | preparation, | | | 10.00 |
| Sewall Fullam | 8 | "    " | trial, | | | 40.00 |
| "        " | 2 | "    " | preparation, | | | 10.00 |
| For Ebenezer Hutchinson time and expenses, | | | | | | 18.00 |

The referee found that the counsel for Mrs. Fuller actually spent the time charged for in plaintiff's account, and that their charges are reasonable; he also finds that Sewall Fullam, one of the counsel, made no charge upon his books for service rendered in the arbitration, but testified that he expects Mrs. Fuller to pay him if she is ever able; that he cannot recollect now who spoke to him about appearing in the case, whether Mrs. Fuller or Mr. Walker.

The referee also found, in relation to the charge of $18 for time and service of Ebenezer Hutchinson, that said Hutchinson was brother of Mrs. Fuller, and attended said hearing at her request and the request of her counsel, to assist her about looking up

witnesses; that he did not testify as a witness in that hearing; that he did not come to Ludlow the first time at the request of either Mrs. Fuller or her counsel, but came on his own business, and remained at the request of Warren Adams; subsequently he remained at the request of Mrs. Fuller and her counsel, and assisted them in looking up witnesses; that he made no charge at that time, but has been paid something, but not in full, as he claims.     The referee was of opinion that this item of the plaintiff's account ought not to be allowed.    An affidavit of said Hutchinson, stating facts in reference to his employment and service, was attached to the report.

The referee found that the plaintiff ought to recover of the defendant for her damages, if the court is of the opinion that the charges for time and service of Ebenezer Hutchinson is allowable, the sum of \$152.01.    If such charge is not allowable, the sum of \$134.01.

The county court, at December term, 1871, BARRETT, J., presiding, rendered judgment on said report for the plaintiff to recover the largest sum reported, to which the defendant excepted.

*John F. Deane*, for the defendant.

*Sewall Fullam*, for the plaintiff.

The opinion of the court was delivered by

Ross, J.    The referee has found that the plaintiff's charge for the services of Ebenezer Hutchinson ought not to be allowed. This is equivalent to finding that his employment about the arbitration was not reasonable, and if so, the plaintiff is not entitled to recover for his services, though she had paid for them.    The referee has attached to and made a part of his report the affidavit of Mr. Hutchinson, but has not found that the statements in the affidavit are true.    The county court were not, therefore, at liberty to treat the statements in the affidavit as true, and from them find the charge for Mr. Hutchinson's services reasonable, and overrule its disallowance by the referee.    The county court is not a tribunal for finding facts, unless made such by the assent of the

69

parties, and in case of a reference, can only pronounce the law upon the facts found by the referee. This item in the plaintiff's charges must be disallowed. The referee has found the other charges by the plaintiff reasonable. It is immaterial whether the plaintiff pays Mr. Fullam for his services or not. The referee has found that the services were reasonably required, and the charges reasonable. If he chooses to give the plaintiff his services, they are a gift to the plaintiff and not to the defendant.

Judgment of the county court is reversed, and judgment rendered for the plaintiff on the report for $134.01.