## THE VILAS NATIONAL BANK OF PLATTSBURGH *v.* E. M. STRAIT.

*Referee, Duty of to Find Facts. President of Bank. Parol Evidence. Agent.*

1. The president of a bank, without special authority, has power to agree, with the payor of a note, on an agent to receive the money at another place than that designated in the note for payment, to forward it to the bank where the note is held and payable; and it is not error to admit parol evidence to prove such agency.
2. The vital question in the case was, whether D. was the agent of the plaintiff or defendant; *Held,* that it was the duty of the referee to find whose agent he was; that it was error to submit the question to the court; and that the case should be recommitted.

HEARD on a referee's report, April Term, 1885, ROYCE, Ch. J., presiding. Judgment for the defendant.

The referee found: The action is based upon two notes owned by the plaintiff. One Delaney was engaged in the business of running a grist mill, buying and selling flour, feed, etc., at Swanton, Vt. The plaintiff bank is located at Plattsburgh, N. Y., and S. F. Vilas was its president, and owned a large majority of its stock. J. H. Vilas, a son of S. F. Vilas, resided at Swanton and assisted said Delaney in the management of his business by keeping his books, etc.

In the years 1878 and 1879 the defendant resided at Fletcher, Vt., engaged in the flour and feed business. The notes were given by the defendant to the "order of James Delaney," and payable at the plaintiff bank.

The defendant purchased flour, etc., of Delaney, and until January 28, 1879, paid for it by notes payable at the National Union Bank at said Swanton. On said January 28, the said S. F. Vilas, his son, Delaney, and the defendant met at Swanton, and a certain arrangement was entered into by which defendant's notes were made payable at the plaintiff bank.

The defendant offered to show that at the time he changed his manner of making his notes, from having them payable at the Swanton Bank to having them payable at the Vilas National Bank, S. F. Vilas, as president of said last named bank, gave him directions to pay such notes as he might thereafter make payable at said bank to James Delaney, special, as he had formerly paid his notes given payable at said Union Bank; that payment so made should be treated as payment at and to the Vilas National Bank; and that, in accordance with such arrangements, the notes in suit had been fully paid by the defendant.

To the introduction of such evidence, so offered, the plaintiff objected for the following reasons: 1. For immateriality; 2. On the ground that this would change the tenor and effect of the notes in suit by parol evidence; 3. Because S. F. Vilas, as president of said bank, had no power

or authority to make any such arrangement or contract which would be binding on said bank.

The evidence was received against the objections of the plaintiff.

*Burt, Hall & Burt,* for the plaintiff.

The offer by the defendant to prove by parol testimony an arrangement with the plaintiff bank that the notes in suit, by their terms payable in Plattsburgh, N. Y., were in fact payable at Swanton, Vt., to James Delaney, was an offer to prove by parol evidence the terms of the notes to be different from those expressed by the notes themselves. The testimony should have been excluded on this ground. *Allen* v. *Furbish,* 4 Gray, 504; *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39; *Ins. Co.* v. *Mowry,* 96 U. S. 544 (bk. 24, L. ed. 674); *White* v. *Ashton,* 51 N. Y. 280; *Wakefield* v. *Stedman,* 12 Pick. 562; *Thompson* v. *Ketcham* and *Fitzhugh* v. *Runyon,* 8 Johns. 190, 375; *Parteriche* v. *Powlet,* 2 Atk. 383 ; *Woolam* v. *Hearn,* 7 Ves. 218; Edwards Bills, 140, 141 (2d ed.); Greenl. Ev. (13th ed.) 321; *Davis* v. *Randall,* 115 Mass. 547.

It cannot be shown by oral evidence that a certificate of deposit, payable by its terms in Iowa, is payable in the State of New York. *Potter* v. *Tallman,* 35 Barb. 182; Edwards Bills, 140 (2d ed.) *n.* 6.

*Geo. A. Ballard* and *G. W. Burleson,* for the defendant.

The opinion of the court was delivered by

VEAZEY, J. Passing from the defendant's offer of evidence to the evidence itself and the finding of the referee, it will be noted that the arrangement between Vilas, Delaney, and Strait was not to change the place of payment of the notes from the place designated on their face, but simply to provide a convenient agency for sending the money to the bank, where the notes were payable, to

pay them there. The language is "that when the notes became due, he, Strait, could send the money for the payment of the same to Delaney at Swanton, said Delaney could forward it to the plaintiff, the bank, the plaintiff would then return said notes to Delaney, and Delaney could return them to the defendant, Strait." Many other things in the report point to this arrangement as a method of forwarding the money to pay the notes at the bank where they were held, and where they provided they should be paid, rather than the view that it was a provision for a change of the place of payment. Therefore, the evidence objected to, on the ground that it tended to vary the contract, was not obnoxious to that objection. It would scarcely be claimed that the parties could not agree upon an agency for the transmitting of the money to the bank for the payment of the notes.

We think also that the president of the bank had the right, in behalf of the bank, and without special authority, to agree upon such agency. This is quite a different question from the one so much argued, viz., his right, acting for the bank, but without special authority, to change the place of payment of the notes from the bank to another town and state, they being made payable at the bank.

The vital question in the case is this: Was Delaney the agent of the plaintiff or defendant? This is purely a question of fact, not mixed law and fact; therefore a question to be decided by the trier of the facts, and is not a question for the court; yet the referee has submitted it to be found by the County Court. He says, in effect, if the court find that Delaney was the agent of the plaintiff, then the defendant should recover, otherwise the plaintiff should recover. The County Court rendered judgment on the report for the defendant. The case has been argued here by both sides upon the assumption that the County Court found, by inference, that Delaney was agent of the plaintiff; and one side claims that this court should draw the same infer-

ence, and the other side that he was agent of the defendant. We hold that neither court should supplement the findings of the referee. Where parties elect to have a referee for their tribunal to find the facts, they are entitled to have that tribunal, not another, find the facts; and especially should they not be compelled to take the findings of the court upon a mere abstract of the evidence incorporated in the report. *Kimball* v. *Baxter*, 27 Vt. 628; *Darby* v. *Bank*, 57 Vt. 370; *Fuller* v. *Adams*, 44 Vt. 543. If counsel fail to ask to have the evasions of a referee corrected upon a recommittal of the report, the court would undoubtedly be justified in rendering judgment on the facts found. This court has, in a few instances, though with hesitation, refused to render judgment upon a record where it appears, as in this case, that a controlling and controverted fact fairly in the case has not been found; and has remanded the cause and ordered a report recommitted for the finding and report of such fact. We think such should be the order in this case. It is plain that a judgment could not be rendered on this report with any certainty that it was the same as it would be with the pivotal fact found and reported.

Probably it will be useless to again call attention of referees to their obligation to perform and not evade their duty in the finding of facts in the trial of cases. It has been done repeatedly; yet this fault of referees seems to be adhered to, and the scolding of courts about it disregarded with equal complacency. Judges who censure the fault sometimes commit it when they act as referees. It is a fault at least much too common, causing delay and expense, and undoubtedly often leading to unjust judgments.

Judgment *pro forma* reversed. Cause remanded, to be recommitted to the referee to find and report upon the evidence already taken, whether Delaney was the agent of the plaintiff or of the defendant, in receiving and forwarding money from the defendant to the plaintiff.