West *v.* Emery.

⟶⟶◦⊚◦⟵⟵

. PRESBY WEST *v.* ARNOLD S. EMERY.

If, under a declaration in trespass on the case, alleging that the defendant falsely warranted a horse to be sound, knowing him, at the time of making the warranty, to be unsound, the plaintiff prove a representation by the defendant of soundness, which, at the time of making it, the defendant knew to be false, it is sufficient to entitle the plaintiff to a verdict.

And if, in such case, the declaration allege an *absolute* representation of soundness, and a *scienter* by the defendant of its falsity, and the proof shows that the representation by the defendant was, that the property was sound, " so

far as he knew," and the plaintiff also prove that the defendant in fact knew, at the time of making the representation, that the property was unsound, this will be no variance,—since a representation of absolute soundness and a representation qualified as above, which the defendant, at the time of making it, knows to be false, bind the defendant to the same extent.

But if the declaration allege an absolute warranty merely, and, as a breach, that the fact warranted did not exist, without alleging the *scienter*, this will not be supported by proof of a qualified warranty.

The identity of a contract is to be determined by looking at its breach; and so, where the gist of the action is *tort*, in the making false representations knowingly, the inquiry, whether there is a variance between the averment and the proof, turns upon the point whether the same proof constitutes equally a fraud under the averment, and under the representation as in fact made.

Trespass on the Case for deceit in the sale of a horse. The declaration was in two counts, and alleged that the defendant falsely warranted the horse to be sound, except a lameness occasioned by being corked,—which was then apparent,—and that the defendant, at the time of making the warranty, *knew* that the warranty was false.

On the trial the plaintiff's testimony tended to prove, that, while the negotiation for the exchange of horses, as alleged in the declaration, was pending, the plaintiff asked the defendant if he would warrant his horse to be sound, and that the defendant replied, that he would not warrant any horse sound, but that "*his horse was sound, as far as he knew, except the cork,*" and that in fact the horse was unsound, and had the heaves badly, and that this was well known to the defendant and was not known to the plaintiff, and that the defendant's representation was made with a view to deceive the plaintiff, and that he was thereby deceived. The defendant's counsel objected to the testimony being received, on the ground of a variance between that and the declaration, and, the court entertaining doubts, the plaintiff obtained leave to file an additional count, under a rule, that, if he recovered only on that count, he should recover no back costs and should pay the defendant's costs to that time, with leave to save exceptions, if the court should decide against him.

The jury returned a verdict for the plaintiff, and the court decided that the plaintiff was entitled to judgment upon his two first counts, and that there was no variance between the testimony, as above detailed, and the second count; to which decision the defendant excepted.

*T. Bartlett*, for defendant, cited 2 Saund. Pl. & Ev. 517.

*W. Heywood, Jr.*, for plaintiff, contended that the evidence substantially corresponded with the averments in the two first counts of the declaration, and cited *Silver* v. *Kendrick*, 2 N. H. Rep. 160; *Rodman* v. *Forman*, 8 Johns. 26; *Henry* v. *Cleland*, 14 Ib. 400; *McKinley* v. *Rob*, 20 Ib. 351; *Saxton* v. *Johnson*, 10 Ib. 418; *Southwick* v. *Stevens*, 10 Ib. 443; *Lewis* v. *Few*, 5 Ib. 1; *Cunningham* v. *Kimball*, 7 Mass. 65; *Worster* v. *Canal Bridge Co.*, 16 Pick. 541; *Hastings* v. *Lovering*, 2 Ib. 214; *Andrews* v. *Williams*, 11 Conn. 326; *Riley* v. *Gourley*, 9 Ib. 154; *Beeman* v. *Buck*, 3 Vt. 53; *Wright* v. *Geer*, 6 Vt. 151; *Vail* v. *Strong*, 10 Vt. 457; *Allen* v. *Goff*, 13 Ib. 148; *Hutchinson* v. *Granger*, 13 Ib. 386.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is one of variance, that is, whether the plaintiff is entitled to judgment on his two first counts, or *only* upon the third count. This question is important only, it will be perceived, in regard to the amount of cost,—the last count having been filed during the final trial, under a rule that, if the plaintiff " should *only* recover upon his new count, he should recover no back costs, and pay costs to that time." The county court held that the plaintiff was entitled to judgment on the two first counts, and we are now called upon to revise that decision. The counts are all, substantially, for a false warranty and fraud thereby, alleging the *scienter*,—as in the case of *Beeman* v. *Buck*, 3 Vt. 53. This last case is based mainly upon the case of *Williamson* v. *Allison*, 2 East 446. Under a declaration in this particular form it has been the practice in England, for more than fifty years, and in this state for nearly twenty years, to admit proof either of an express promise, or fraud. The plaintiff may still declare upon an express promise merely, without alleging fraud,—in which case he will be

74

bound to prove an express warranty, as alleged, and cannot establish his right of recovery by proof of fraud merely.

The only difference in the counts in the present case is, that the first two counts allege a general warranty of soundness, with a specified exception of a particular defect, and the breach that the defendant well knew the horse to be otherwise unsound, lame, &c., and that this was the fact; and the last count alleges a false warranty of soundness *as far as the defendant knew*, with the same exception named in the first two counts, and alleges the same breach, precisely, as in the former counts. The proof precisely corresponded with the words of the last count, and the inquiry is, whether it does not *substantially* agree also with the first two counts.

1. We readily perceive, that, when the plaintiff relies upon proof of an express warranty, and alleges merely, as a breach, that the fact warranted did not exist,—which, in such case, will always entitle the plaintiff to recover,—there is a manifest difference between a warranty absolute in its terms, and a mere warranty of soundness to the extent of the defendant's knowledge; and a declaration upon an express warranty merely, absolute in its terms, would not be supported by the proof in the present case.

2. But when the defendant relies, as he did here, upon false and fraudulent representations merely, we do not perceive that there is any difference, so far as liability is concerned, whether the representation is that the horse is absolutely sound, or only that he is sound so far as the defendant knows. The defendant is not liable upon either of these representations, unless, at the time, *he knew the horse to be unsound;* and if he did then know this fact, he is equally liable, and to the same extent, on both or either of the representations.

It is the breach of a contract, to which we look to determine its identity; and when the same state of facts does not constitute equally a breach of the contract alleged in the declaration, and that proved on trial, there is a variance; so when the gist of the action is *tort* in the making false representations knowingly, the inquiry, as to the identity of averment and proof, turns on the corresponding point, that is, whether the same proof constitutes equally a fraud under the averment and the representation as in fact made. That, in the present case, is very obvious.

Judgment affirmed.