### JOHN PARLIN v. ISAAC BUNDY, JR.

If a declaration count upon a warranty of a horse, and aver a breach and that the horse was of no use to the plaintiff, and then conclude with an averment, that so the defendant became indebted to the plaintiff for so much money had and received, as the plaintiff paid for the horse, and proceed in common form of a count in *indebitatus assumpsit* for money had and received, this latter averment and conclusion will, on motion in arrest of judgment, be treated as surplusage.

In a declaration upon a warranty on sale of a horse the particular unsoundness of the horse, upon which the plaintiff relies as a breach of the warranty, need not be stated.

Assumpsit will lie upon a limited warranty of soundness of a horse *so far as the warrantor knows*, the declaration averring unsoundness of the horse and the *scienter* of the defendant.

A new declaration, filed in the county court, under the rules of the court, has reference to the original declaration in the writ, and need not conclude with an *ad damnum*.

IN this case the plaintiff filed his new declaration, in the county court, against the defendant, in two counts ;—The first count averred, that the plaintiff purchased of the defendant a certain mare and colt and paid therefor sixty dollars ; that the defendant thereupon promised, that the mare was sound ; that the mare was in fact unsound, and of no use to the plaintiff ; and that thereby the defendant became indebted to the plaintiff in the sum of sixty dollars, for so much money had and received ; and the count concluded in common form of a count in *indebitatus assumpsit* for money had and received.

Parlin *v.* Bundy.

The second count was in these words;—" And whereas also, af-
' terwards, to wit, on the 11th day of October aforesaid, at Sutton
' aforesaid, in consideration that the said John, at the like special
' instance and request of the said Isaac, would buy of him, the said
' Isaac, a certain other mare and colt, as aforesaid, at and for a cer-
' tain other price or sum of money, then and there agreed on between
' him the said John and him the said Isaac, he the said Isaac under-
' took and then and there faithfully promised the said John, that the
' said last mentioned mare then was sound, so far as he (meaning the
' said Isaac) knew; which said last mentioned promise and under-
' taking, he, the said Isaac, then and there well knew was false;
' and the said John avers, that he, confiding in the said last men-
' tioned promise and undertaking of the said Isaac, did afterwards
' to wit, on the 11th day of October aforesaid, buy the said last men-
' tioned mare and colt of the said Isaac, and then and there paid
' him for the same the sum of $60,00, the same being the price agreed'
' on between the said parties, as aforesaid; nevertheless the said
' Isaac, contriving and fraudulently intending to injure the said John,
' did not perform, or regard, his said last mentioned promise and
' undertaking, so by him made, as aforesaid, but thereby craftily and
' subtly deceived and defrauded the said John in this, to wit, that
' the said last mentioned mare, at the time of the making the said
' last mentioned promise and undertaking of the said Isaac, was not
' sound, but, on the contrary thereof, was at that time unsound,—
' which he the said Isaac then and there well knew;—by reason of
' which the last mentioned mare and colt became and were of no
' use, or value to the said John;—whereby the said Isaac then and
' there became and was indebted to the said John in the sum of
' $60,00, for so much money had and received by the said Isaac to
' the use of the said John; and, being so indebted, he, the said
' Isaac, in consideration thereof, afterwards, to wit, on the 10th day of
' November, 1844, promised the said John to pay him the same sum
' on demand : Yet, though often requested, the said Isaac hath never
' paid the same, but wholly neglects and refuses so to do."

After verdict for the plaintiff the defendant moved in arrest of
judgment,—assigning, as causes,—1, That the plaintiff had joined
two different causes of action in his declaration,—his first count be-
ing in assumpsit and his second count in case, sounding in tort;—

2, That the particular unsoundness, on which the plaintiff relied, as a breach of the warranty, was not stated in either count;—3, That the plaintiff, in both counts, declared for money had and received, but did not aver, that the contract of sale was ever rescinded, or that he ever offered to return the mare and colt to the defendant;—4, That the second count contained two distinct causes of action,—the first being in case, and the second in assumpsit for money had and received;—5, That it was not sufficiently alleged, in the second count, that the mare was unsound at the time of the sale from the defendant to the plaintiff;—6, That the declaration was uncertain and insufficient. Other causes were alleged, but were not urged at the trial in the supreme court.

The county court,—Royce, J., presiding,—overruled the motion in arrest and rendered judgment for the plaintiff upon the verdict. Exceptions by defendant.

——— for defendant.

1. The defendant insists, that the first count is in assumpsit upon a general warranty of soundness, and that the second count is in case, sounding in tort, and cannot be joined with assumpsit. The second count charges, in substance, that the defendant represented the mare to be sound, knowing that she was unsound. Here, then, is not only a false and fraudulent assertion, but a wilful suppression of the truth. There could be no recovery upon the count, without proof of the *scienter;* and that involves a *tort.* It is well settled, that a count in assumpsit cannot be joined with a count in case. 1 Saund. Pl. & Ev. 512. 1 Chit. Pl. 181. 1 Johns. 502.

2. The plaintiff, in each count, blends a count for money had and received; and it is impossible to say, that the verdict is to be taken to have been found on *part* of a count; hence the verdict was as much for money had and received, as for any thing else. But it is well settled, that, where there is an express warranty, and the contract remains unrescinded, the remedy for a breach of the warranty is by an action upon the warranty, and not for money had and received. 1 T. R. 133. 2 Cowp. 818. 3 Stark. Ev. 1667. That part of each count, which goes for money had and received, cannot be rejected as surplusage; for the only breach of duty, or obligation, of which the plaintiff complains, is in not paying over the money

Parlin *v.* Bundy.

alleged to have been received by the defendant to the use of the plaintiff,—so that, if this part of the declaration be stricken out, it leaves the declaration without any allegation of default on the defendant's part.

3. The declaration in this case does not conclude with any *ad damnum.* 1 Chit. Pl. 356.

*S. B. Colby* for plaintiff.

The declaration seems to have been framed with a view to recover liquidated damages, and in this light appears unexceptionable. The counts differ only in this, that one states a promise on warranty, *absolute,* the other *conditional;* and in the second count, to negative the warranty, the defendant's knowledge must be averred, that is, the falsity of the warranty implied a *scienter.* Both counts aver the defendant's promise, and both allege the *breach* of the promise as the grievance. But even if the averment, that the defendant knew the promise to be false, renders the declaration equivocal, the count, by reference to the subject matter, is to be taken to be a count in assumpsit. *Wright* v. *Geer,* 6 Vt. 151.

The want of an allegation of the particular unsoundness is sufficiently cured by the verdict. *Martin* v. *Blodgett et al.,* 1 Aik. 375.

The objection, that the second count contains two distinct causes of action, cannot be raised after verdict. Gould's Pl., Tit. Duplicity. *Whyte* v. *Rysden,* Cro. Car. 20.

The opinion of the court was delivered by

WILLIAMS, Ch. J. After a verdict for the plaintiff the defendant moved in arrest of judgment. The motion was overruled in the county court,—to which the defendant excepts. Several exceptions have been taken to the declaration ; but one of which, however, has been much relied on,—namely, *misjoinder.*

1. The allegation, in each count, that the defendant thereby became indebted for so much money had and received, was entirely unnecessary and may be rejected as surplusage. The declaration was perfect without that allegation, as a declaration upon a warranty ; and, inasmuch as the declaration on the warranty was good, if the other part had been faulty, the verdict would have cured any such defects.

74

2. The particular description of unsoundness need not be stated, as the breach may, in general, be assigned in the negative of the words of the contract.

3. The objection on the ground of misjoinder would have been fatal, if, as the defendant has contended, the second count is in case. Both counts, however, are in assumpsit,—one on an absolute, the other on a limited, warranty. When I first saw a declaration, similar to the second count in this declaration, several years since, it appeared to me singular, as the party was warranting against his own deceit. I found, however, a form similar to it in Wentworth's Pleadings, under the class of special assumpsit. But in the case of *Wood* v. *Smith*, 4 C. & P. 45, [19 E. C. L. 267,] it was expressly decided, that a declaration like this, in assumpsit, was good ; and when that case came up before the King's Bench, PARKE, J., said he had frequently seen such counts as this. The authority of that case is decisive as to this objection.

This is the only objection to the proceedings of the county court, which has been seriously urged. The other objection taken, the amended counts not concluding with an *ad damnum*, is untenable, as the amended declaration must be considered as referring to the original declaration, where the *ad damnum* was set forth.

The judgment of the county court is affirmed.