## GEORGE WHEELER v. LANGDON C. WHEELOCK.

### Warranty. Pleading.

In an action for the breach of a warranty of the soundness of a horse, it is sufficient to allege in the declaration that the horse was unsound, without specifying the particular kind of unsoundness.

The case of *Martin* v. *Blodgett*, 1 Aiken 375, overruled in this respect.

In an action on the case for false and fraudulent representations of the soundness of a horse, joined with a count for false warranty of soundness with a *scienter* of his unsoundness, it is no variance to prove that the defendant represented and warranted the horse to be sound *so far as he knew*, and that in fact he knew he was unsound.

CASE. The material facts in the case, the questions arising thereon, and the judgment of the county court, are sufficiently stated in the opinion of the court. Exceptions by the plaintiff.

HARVARD LAW 145 SCHOOL LIBRARY.

*N. A. Taylor* and *E. E. French*, for the plaintiff.

*L. C. Wheelock*, for the defendant.

KELLOGG, J. This is an action on the case for a false warranty of soundness on the sale of a horse. The plaintiff's declaration contains three counts. In the county court the defendant demurred to the third count, and pleaded the general issue to the first and second counts. Upon the demurrer, the court, *pro forma*, adjudged the third count insufficient; and the issue of fact was tried by the court.

The first question arising under the plaintiff's exceptions relates to the correctness of the judgment rendered on the demurrer. The only cause of demurrer to the third count which is assigned by the defendant, is that this count does not allege or set forth in what the particular unsoundness of the horse consisted, and the case of *Martin* v. *Blodgett*, 1 Aik. 375, is cited to show that this omission has been recognized by this court as a cause of demurrer. This count is in substance a copy from a form given in Chitty's Pleading, and it is stated by that author in his note to the form of the declaration in assumpsit on a warranty of soundness on the exchange of horses (2 Chitty's Pl., 141,) that, in an action for a false warranty of soundness, the particular unsoundness need not be stated, it being sufficient, in general, to assign the breach in the negative of the words of the contract, and the authorities fully recognize this as a settled rule of pleading. *Harris* v. *Mantle*, 3 Term R. 307; *Robert Bradshaw's case*, 9 Co. 60, b; Com. Dig. *Pleader*, C. 45. The case of *Martin* v. *Blodgett* decided that a general averment of unsoundness was not sufficient, and that it was necessary, in assigning the breach, to specify the particular unsoundness complained of, or the declaration would be bad upon demurrer. But in the case of *Parlin* v. *Bundy*, 18 Vt. 582, the rule as stated by Chitty was recognized as being correct, and although the question in that case arose not upon demurrer but on a motion in arrest of judgment, the decision is not put upon that ground, and it must be considered as in effect overruling the case of *Martin* v. *Blodgett*. It may be conceded that the cause of action should be fully and specifically disclosed for the information of the defendant, but we think

10

that the breach is well assigned when assigned in the negative of the terms of the contract.   Under the present rules of pleading in England, in an action for a breach of a warranty of soundness of a horse, where the declaration was in the usual form, containing a general allegation that the horse was unsound, the court have refused, even on the affidavit of the defendant that he was not aware of the nature of the unsoundness complained of, to order the plaintiff to give particulars of the unsoundness, on the ground that though it might be clear that the horse was not sound, there might be difficulty in saying in what the unsoundness consisted, and that it would be unfair to the plaintiff to confine him to a particular statement of the cause of unsoundness.   *Pylie* v. *Stephen*, 6 M. and W., 813.   With this view of the established rules and precedents of pleading, we think that the county court erred in sustaining the demurrer.

This conclusion necessarily involves a reversal of the judgment below, but the exception taken by the plaintiff on the trial of the issues joined on the first and second counts having been fully argued, we have thought it proper to express our opinion respecting that question.   The second count sets up as the cause of action certain alleged false and fraudulent representations merely, known to be such by the defendant and wilfully made, whereby the plaintiff was defrauded, and it does not refer to any warranty; and the first count is substantially for a false warranty, alleging the *scienter*, and fraud thereby.   The warranty and the representations complained of are alleged to have been made without any qualification.   On the trial, the plaintiff proved the warranty or representation by the defendant, upon which he relied for a recovery, to have been that " the horse was sound and right every way, *so far as the defendant knew.*"   The court ruled that the proof did not support the declaration.   It was held in *West* v. *Emery*, 17 Vt. 583, that if, in an action on the case for a deceit in the sale of a horse, the declaration allege an *absolute* representation of soundness, and a *scienter* by the defendant of its falsity, and the proof shows that the representation by the defendant was that the horse was sound " *so far as he knew,*" and the plaintiff also prove that the defendant in fact *knew*, at the time of making the representation, that the horse

was unsound, this would be no variance ; since a representation of absolute soundness and a representation thus qualified, which the defendant knew at the time of making it to be false, bind the defendant to the same extent. When the plaintiff relies upon proof of false and fraudulent representations merely, and not on the breach of an express warranty, as the ground of his action, the fraud is the same, so far as liability is concerned, whether the representation be that the horse is absolutely sound, or only that he is sound so far as the defendant knows, if, at the time of making it, the defendant in fact knew that it was false. We regard the principle settled in the case of *West* v. *Emery* as applicable to this case, and think that there was no variance in substance between the plaintiff's proof and his declaration in respect to the false warranty or representation of soundness, if such warranty or representation was made by the defendant with knowledge of its falsity,—the gist of the action being the *tort* in making the false representation *knowingly*,—and it appears in the case that the plaintiff's testimony tended to show not only that the horse was unsound, but also that the defendant had knowledge of such unsoundness.

The judgment of the county court for the defendant is reversed, and judgment rendered for the plaintiff on the demurrer, and the cause is remanded to that court for a new trial.