GEORGE M. DELANEY *v.* LESLIE R. BROWN and FRED HOWES.

May Term, 1900.

Present : ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 26, 1900.

*Equitable interference with proceedings at law—Unfair advantage gained by mistake or fraud*—When by mistake or fraud one has gained an unfair advantage, in proceedings at law, which will operate to make the court of law an instrument of injustice, equity will interfere to prevent him from reaping the benefit of the advantage thus unfairly obtained.

*Rule as to judgment obtained and judgment retained the same*—The rule is the same whether the unfair advantage has been used in obtaining a judgment, or in retaining a judgment while the defendant yet had his day by the law to be heard on the question of setting it aside.

*Equitable jurisdiction original and concurrent*—In such cases courts of equity have original and concurrent jurisdiction.

*Trustee deprived of day in court by accident—Reliance upon agreement to treat judgment as void.—Loss of right to petition at law—Equitable relief*— If a judgment creditor agrees to treat as null and void a judgment, obtained by default against a trustee who was deprived of his day in court by accident, and the trustee in reliance upon such agreement refrains from bringing a petition to have the judgment set aside until his right to do so is barred, he is entitled to equitable relief upon a showing that he was not in fact liable to be adjudged trustee, and that he ought not in equity and good conscience to pay the judgment against him.

*Question of laches*—In proceedings brought, in such circumstances, by the judgment debtor for equitable relief, the judgment creditor will not be heard to claim that the orator was guilty of laches in believing him truthful and honest and in acting upon such belief.

*Definition*—*"Illness"* within the meaning of *"accident"* as used in V. S.
  *1667*—One who is prevented from appearing in court by illness is
  deprived of his day in court by "accident" within the meaning of
  that word as used in a provision of the charter of Burlington akin to
  V. S. 1667.

CHANCERY. Heard on demurrer to the bill, Chittenden
County, March Term, 1900, *Taft*, Chancellor. Decree sustaining the demurrer and dismissing the bill for want of equity.
The orator appealed.

   *Cushman & Mower* and *Brown & Macomber*, for the orator.

   *Powell & Powell* for the defendant.

THOMPSON, J. In June, 1894, the defendants brought suit
against A. A. Niebaum returnable before the City Court of the
City of Burlington, June 19, 1894. In this suit the orator was
duly summoned as trustee of Niebaum. At the time the suit
was brought Niebaum was not a resident of this State and personal service was not made on him. On the return day of the
writ, and from time to time thereafter, the suit was continued
by the City Court, for notice to Niebaum, until September 12,
1894, when judgment by default was rendered by that court
against him for the sum of $419.82 including costs of suit; and
at the same time judgment was rendered by default against the
orator as trustee for Niebaum for $419.82. The orator's bill
alleges that at the time of the rendition of such judgment, he was
prevented from appearing in court by reason of then being
detained in the City of Montreal, Canada, by sickness; that at
that time, and at the date of the service of the writ on him, he
did not have in his hands any goods, chattels, rights, or credits of
the said Niebaum, nor did he have at any time, for which he
should have been adjudged liable as trustee; that the orator returned from Montreal about September 13, 1894, to Burlington
and made known to the defendants his claim that he was not
liable as trustee of Niebaum and applied to them and their attorney to have the judgment against him as trustee stricken off, that

this was not done, but on the contrary the defendants, September 13, 1894, took out an execution against the orator on said judgment and levied the same on certain property as his property but which belonged to one Rafferty ; that such property was replevied by Rafferty and that while the replevin suit was pending, Niebaum for the benefit of himself and the orator brought a writ of review returnable before said City Court September 21, 1895; that before the writ of review was entered in court but while it was in force and pending, the defendants agreed with the orator that they would make no further attempt to enforce their judgment against him as such trustee, and that the same should be regarded as null and void as to him; that said writ of review was not entered in court and that from the making of this agreement, the orator has relied thereon and in consequence, has done nothing to protect himself from said judgment and that in violation of this agreement, the defendants brought their suit against him on said judgment, returnable to said City Court March 13, 1899, and therein seek and claim to recover the same with interest thereon of the orator ; and that said suit is now pending in County Court by appeal from the City Court.

The orator among other things prays that the defendants may be perpetually enjoined from enforcing said judgment and to have the same decreed to be null and void. He also prays for general relief. The defendants demurred to the bill for want of equity, insisting that the orator has a complete defence at law if he has any defence, and consequently that equity has no jurisdiction. It is not necessary to discuss what right to relief, if any, the orator would have had, if Niebaum had entered and prosecuted his writ of review to final judgment. Assuming that he could have had no benefit therefrom, not being a party of record thereto, it would make no difference in this proceeding. The orator as the law then stood was entitled to bring his petition to said City Court within two years from the rendition of the judgment against him, to have the same set aside on the ground that he was deprived of his day in court by accident, for clearly being

prevented from appearing in court by illness falls within this ground of relief. Nor is it necessary to consider the effect of the correction of the judgment by the City Court so as to make it $100 less than the sum stated in the original record of the judgment. From the time of entering into the alleged agreement until after January 1, 1899, the defendants made no claim that they considered the judgment in force against the orator and never said nor did anything to apprise him that they still considered it to be a valid, subsisting claim against him. · They thus lulled him to sleep so far as availing himself of his legal right to petition the court to set aside the judgment until long after his right to invoke the aid of a court of law in that behalf, was barred by the statute limitation of two years. It is to be taken from the allegations of the bill, that the orator was not in fact liable to be adjudged trustee of Niebaum, and that if compelled to pay the amount of the judgment, he will be compelled to pay that which in equity and good conscience he ought not to pay, and that which he could not be compelled to pay were it not for the judgment. Negligence cannot be imputed to him because he relied upon the agreement of the defendants, to treat the judgment as null and void. The defendants in view of the circumstances of the case, cannot now be heard to charge the orator with laches in believing them to be truthful and honest and in acting in accordance with such belief. After having thus induced him to so act, until by the lapse of time he is deprived of his opportunity to have the judgment set aside by the court which rendered it, it is fraudulent and inequitable for the defendants to now attempt to enforce the judgment in violation of their agreement. This case, in principle, falls within the class of cases at law, where by means of the deceitful representations and fraudulent conduct upon the part of the plaintiff, the defendant, having a meritorious defence, is prevented from interposing it. The general rule on this subject is well defined and clearly established. It is this: "Whenever, by plaintiff's fraudulent conduct or representations to defendant concerning the nature and objects of the action, or the

purpose of the judgment, or the prosecution of the cause, defendant in the action, having a good defence upon the merits, is lulled into security so that he fails to interpose his defence, he is entitled to the aid of equity to prevent the plaintiff from reaping the benefit of a judgment thus fraudulently obtained." 1 High on Inj. (2nd ed.) sec. 199, 200; Pomer. Eq. Juris. (1st ed.) sec. 1364 and note 1; Kerr's Inj. 23*; Kerr on Fraud & Mistake, 293, 352; *Wagner* v. *Shank,* 59 Md. 313; note to *Oliver* v. *Pray,* 19 Am. Dec. 603; *Currier* v. *Esty,* 110 Mass. 536; *Kelley* v. *Kriess,* 68 Cal. 210; *Hibbard* v. *Eastman,* 47 N. H. 512.

The relief is allowed in such case upon the ground that when by mistake or fraud one has gained an unfair advantage in proceedings at law, which will operate to make the court of law an instrument of injustice, equity will interfere to prevent him from reaping the benefit of the advantage thus unfairly obtained. 1 High on Inj. (2nd. ed.) sec. 199. In such cases equity has original and concurrent jurisdiction.

The application of this rule is the same whether the fraudulent conduct and deceitful representations of the plaintiff were used by him to obtain such a judgment at law, or to retain it while the defendant yet had his day by the law to be heard on the question of setting it aside. In either case, such defendant is lulled into seeming security by the fraud and thus deprived of his day in court as to the merits of the cause. Under this rule, the orator is clearly entitled to relief in equity.

*Decree reversed and cause remanded, with mandate that the demurrer be overruled and the bill adjudged sufficient.*