GEORGE MAIDMENT AND GERTRUDE MAIDMENT *v.* DAVID J. FRAZIER.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS and TAYLOR, JJ.

Opinion filed October 30, 1916.

*Harmless Error—Fraud and Deceit—Pleading—Variance— Principal and Agent—Instructions to Agent Capable of Different Interpretations—Presumption of Good Faith on Part of Agent—Acceptance of Deed Without Knowledge of Fraud—Description of Property Conveyed in Deed—Neglect of Party Deceived—False Representations—Matters of Opinion—Matters for Argument to Jury—Measure of Damages—Gross Exaggeration.*

In an action for deceit in the sale of land any error occurring in the admission in evidence of a listing contract of the property, between the defendant and his agent for the sale thereof, because the same was not shown to have come to the knowledge of the plaintiff, is rendered harmless by the subsequent admission of a substantial copy of the contract, which copy was shown to the plaintiff by the defendant's agent, in negotiating the sale.

A statement in a contract between the defendant and his agent, listing a certain farm for sale, which described the entire acreage as about 100 acres, and divided it into 15 acres in fields, 45 acres in pasture and 40 acres in wood and which was brought to the attention of the plaintiff, supports a declaration in deceit for the

sale of land which declares that the defendant represented that the farm contained 100 acres; because, although the total acreage stated in the contract was qualified by the word "about", the sum of acreage therein given in the various parts of the farm was the amount stated in the declaration.

In an action for deceit in the sale of land, it is not necessary that the exact language of the alleged fraudulent representations should be proved as alleged in the declaration. There is no material variance if the representations are proved substantially as alleged.

Where a written instrument, offered in evidence, is objected to on the ground of variance, without specifying what part is so claimed, an exception to its admission is unavailing where there are parts of the instrument which are properly admitted as supporting the declaration.

If a principal gives instructions to his agent in such uncertain terms as to be fairly susceptible of two different interpretations, and the agent *bona fide* adopts one of them and acts upon it, it is not competent to the principal to repudiate the act as unauthorized because he intended the instructions in the other sense of which they are equally capable.

In such a case, it not appearing to the contrary, the agent will be presumed to be acting in good faith, in adopting one of the two different interpretations.

A right of action to recover for fraudulent representations in the sale of land will not be defeated by the acceptance of a deed of the property by the plaintiff with knowledge of its contents, it not appearing that the plaintiff had at that time knowledge of the falsity of the representations.

In an action to recover damages for fraudulently representing a certain farm sold by defendant to plaintiff to contain 100 acres, which in fact contained 63 acres, it appeared that the plaintiff accepted a deed from the defendant describing the farm as containing "100 acres, be the same more or less." *Held*, the purpose of the deed was to pass the title, not to state the terms of the contract between the parties, and the language in the deed as to the acreage, while it may have had a bearing upon the question of the fraud alleged, was not conclusive upon the parties as to the terms of the agreeemnt.

When it has been established that there have been fraudulent representations or wilful concealment by which the plaintiff has been induced to enter into a contract, it is no excuse for, nor does it

lie in the mouth of the defendant to say that the plaintiff might, but for his own neglect, have discovered the wrong and prevented its accomplishment.

Charge of the court held sufficiently favorable to the defendant.

Certain requests of defendant, held to be substantially complied with.

Where there was evidence tending to show that the representations as to the acreage of the farm in question were false and fraudulent, a request that if defendant represented the land to be about 100 acres, or that he did not know exactly what the acreage was, or that it was supposed to be 100 acres, more or less, such representations were on their fact matters of opinion on which an action would not lie, was properly refused.

It was not error to refuse a request that if the plaintiffs took possession of the farm and occupied it for twelve to fifteen months, without finding any fault, the jury might consider such fact as evidence that the suit was not brought in good faith, but caused by other reasons than a desire to obtain justice; although such fact might be argued to the jury, for what it was worth, by defendant's attorneys.

In the action for deceit in the sale of a farm, an instruction that, if the plaintiffs were entitled to recover, the measure of damages was the difference between the value of the farm as it actually was, and its value as it would have been if it had been as represented by defendant, was not error.

A request that, in considering whether plaintiffs had been injured by defendant's misrepresentations, it was proper to consider whether they had fully examined the property; whether they received property fully within the price paid; and whether they were fully satisfied with their trade and found no fault and made no complaint until they had taken possession of the farm, and during the space of one year thereafter had expressed satisfaction with their trade and the value of the property, was properly refused.

Non-compliance with a request made by defendant based upon a supposition that the jury find a certain fact, is harmless to the defendant, when the jury do not find the fact in question.

Gross exaggeration of price is a circumstance calculated to arouse a suspicion of fraud, and is admissible in evidence as such.

A request that if, after full examination of the property, plaintiffs were satisfied to pay for the same as they did, then, whatever may be the value of the property, the value is not evidence of

fraud, was properly refused, because broad enough to include the circumstance of gross exaggeration as to price paid.

ACTION for deceit in the sale of land. Plea, the general issue. Trial by jury at the December Term, 1915, Orange County, *Waterman,* J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted. The opinion states the case.

*March M. Wilson* and *Stanley C. Wilson* for the defendant.

*John C. Sherburne* and *David S. Conant* for the plaintiffs.

WATSON, J. This is an action for alleged fraud and deceit in reference to the acreage of a farm sold by the defendant to the plaintiffs. The first count of the declaration states in substance that the plaintiffs bargained with the defendant to buy of him his home farm consisting of three parcels of land, together with the stock and tools thereon, and "intending to deceive and well knowing the said farm to contain a much less quantity than one hundred acres of land, to wit, the quantity of sixty-three acres only, by then and there falsely and fraudulently warranting the said farm to contain one hundred acres of land, then and there, * * * falsely, fraudulently and deceitfully sold said farm," etc., to the plaintiffs for the sum of money named; that in fact that said farm "did not contain one hundred acres of land, but on the contrary thereof contained a much less" number, to wit, "sixty-three acres only;" by means of which the plaintiffs were defrauded, etc. The second count sets up the sale as of the home farm, having the same allegations as to acreage, but making no mention of the stock and tools.

It appeared that the sale was made through the E. A. Strout Real Estate Agency, the local agent being S. L. Billings, and that the conveyance of the property was made on October 13, 1913. The farm in question is made up of three parcels of land, referred to in the testimony as the home lot, the north pasture, and the south pasture. It appeared from the testimony of the civil engineer and a plan introduced in evidence without objection, that the home lot measures 15.87 acres, the north pasture 16.2 acres, and the south pasture 33.6 acres.

The plaintiffs offered in evidence the paper containing the listing contract of the property in question, it being an agreement between the defendant and the E. A. Strout Farm Agency. The paper included, among other things, the following statements as to the acreage of the farm: "Total amount of land about 100 acres. No. of acres in fields 15. * * * No. of acres in pasture 45 acres. * * * No. of acres in wood 40 acres." Defendant objected to the admission of this evidence on the ground that it did not appear that the paper was ever brought to the attention of the plaintiffs, and further that the evidence did not support the declaration, which declares for a specific number of acres. The plaintiffs' attorney stated it would be shown that this paper came to the attention of the plaintiffs. The paper was admitted so far as it referred to the acreage of the land in controversy, and marked Exhibit 5, to which defendant excepted. It later appeared that this paper was never in fact shown to the plaintiffs, but that what purported to be a copy of it as to the acreage stated thereon, and subsequently admitted in evidence as Exhibit 8, was shown to the plaintiffs by the agent when negotiating with them for the sale. This copy stated the number of acres as follows: "Total amount of land 100 about. No. of acres in field 15. * * * No. of acres in pasture 45 acres. * * * No. of acres in wood 40 acres."

In substance the copy was the same as the original. It is apparent on the face of the copy that the figures "100" have reference to the number of acres, the same as in the original, and that the omission of the word "acres" immediately after those figures in the copy was a mere clerical error. The word "about" has the same significance whether placed before the figures as in the original, or after the figures as in the copy. It appearing that this copy was thus shown to the plaintiffs, its admission in evidence operated to take away whatever force there might otherwise be to the first ground of the exception saved to the admission of the original.

As to the ground of the exception that the evidence does not support the declaration which declares for a specific number of acres, the word "about" being used in the exhibit, there seems at first to be some difficulty, but upon examination the difficulty is lost to the sight. The qualifying word mentioned is used in that exhibit in connection with the statement of the total number of acres; but it is not used in con-

nection with, or does it qualify, the subsequent statements therein of the number of acres "in fields," the number of acres "in pasture," or the number of acres "in wood." Each of these is stated definitely, and the aggregate number of acres is one hundred, which supports the declaration. It is not necessary that the exact language of the representations as set out in the declaration, should be proved. There is no material variance if the representatións be proved substantially as alleged. *Cutter* v. *Adams*, 15 Vt. 237; *West* v. *Emery*, 17 Vt. 583, 44 Am. Dec. 356; *Wheeler* v. *Wheeler*, 33 Vt. 144, 78 Am. Dec. 617; *Dano* v. *Sessions*, 65 Vt. 79, 26 Atl. 585. Assuming that the qualified statement was inadmissible on the ground of variance, the objection and exception did not specify that particular part of the paper, but covered with it the absolute statements which were properly admitted. For this reason, if for no other, the exception is unavailing.

The foregoing holding that the listing contract states the number of acres as one hundred, in effect renders without force the third exception, based upon the ground that the contract for sale, Exhibit 7, in specifying that number of acres, was beyond the scope of the agent's authority. The same question is presented by the sixteenth request to charge. The most favorable view for defendant that can reasonably be given is, that the listing contract is subject to two constructions as to the number of acres: one, as 100 acres, qualified by the word "about," and the other as that number of acres, without qualification. In the contract for sale, the agent stated the number of acres according to the latter construction, and, it not appearing to the contrary, he is presumed to have acted in good faith in so doing. *Vermont Marble Co.* v. *Mead*, 85 Vt. 20, 80 Atl. 852. In such circumstances the law is, that if a principal gives instructions to his agent in such uncertain terms as to be fairly susceptible of two different interpretations, and the agent *bona fide* adopts one of them and acts upon it, it is not competent to the principal to repudiate the act as unauthorized because he intended the instructions to be read in the other sense of which they are equally capable. *Ireland* v. *Livingston*, (1871) L. R. 5 H. L. 395, 41 L. J. Q. B. 201; *Winne* v. *Niagara Fire Ins. Co.*, 91 N. Y. 185; *Very* v. *Levy*, 13 How. 345, 14 L. ed. 173.

At the close of the evidence, the defendant moved for a verdict to be directed in his favor on the ground that the undis-

puted evidence, given its most favorable aspect for the plaintiffs, fails to make out a case. In arguing the motion, the defendant confined himself to the two following grounds: that it appeared that the deed from the defendant and his wife to the plaintiffs, when made out, was read and accepted by the plaintiffs, they having full knowledge of its contents and being satisfied therewith; and that the evidence does not support the declaration wherein it alleges that defendant represented the farm to contain one hundred acres, the only authorized representations shown by the evidence being what appeared "in the sales papers which were shown to the plaintiffs," and "in the deed." The motion was overruled, and exception saved.

As to the first ground assigned, it is enough to say that it did not appear that at the time the deed was read and accepted by the plaintiffs, they had any knowledge that false representations concerning the acreage of the farm had been made. The purpose of the deed (poll) was not to state the contract between the parties as regards the terms of the purchase, but to pass the title to the land. Therein the land conveyed is described as, "Being our home farm and all and the same real estate conveyed unto the said David (the defendant) by Almon B. Hayward and Minnie A. Hayward by warranty deed dated March 28, 1905, Randolph Land Records Book 34-B, page 74. For a more particular description reference is had to said deed and records. * * * Said farm is supposed to contain one hundred acres, be the same more or less." The language there used as to the area of the farm is general, and the words may have their full force as descriptive of the land, and hence should not be construed as conclusive upon the parties in regard to the terms of agreement. *White* v. *Miller*, 22 Vt. 380; *Cabot* v. *Christie*, 42 Vt. 121, 1 Am. Rep. 313; *Pierce* v. *Brew*, 43 Vt. 292. The suit is founded on fraudulent misrepresentations made by defendant during the negotiations for the sale, which are neither proved nor disproved by the deed. *Dano* v. *Sessions*, cited above. That there was evidence supporting the declaration in this regard, can not well be gainsaid, and it is unnecessary to refer to it in detail. Very likely the qualified statement in the deed as to the quantity of land had a bearing on the question of the fraud alleged, but it was in no wise conclusive. This is also determinative of the seventeenth request to charge. It appeared that the plaintiffs examined all the real estate to their

satisfaction, except the so-called south pasture, and as to that there was full opportunity for examination by them. There was no evidence indicating any attempt on the part of defendant to prevent or hinder a full examination of that pasture. The plaintiffs' evidence tended to show that they did not enter that pasture, and only saw or could see a portion of it from where they were in the north pasture and while passing along the highway, seeing all they could from those locations; and that they purchased the farm relying upon the defendant's statements as to the acreage thereof.

It is urged that the plaintiffs were obliged to show affirmatively that they exercised a reasonable degree of caution, did not neglect the means of information easily within their reach, to ascertain the acreage of the farm. This is tantamount to saying that they were bound to show that they measured, or caused to be measured, the land which they contemplated buying,—in no other way could they ascertain the amount thereof either accurately or approximately,—and failing to do this as they might, and no acts on the part of the defendant to prevent or hinder such measurement being shown, the rule of *caveat emptor* applies, citing many decisions of courts in other states in support of the position. Without regarding the cases cited, however, we follow the well established doctrine of our own cases, that when it is established that there has been fraudulent misrepresentations or wilful concealment by which the plaintiff has been induced to enter into a contract, it is no excuse for, nor does it lie in the mouth of, the defendant to say that the plaintiff might, but for his own neglect, have discovered the wrong and prevented its accomplishment. *Kendall* v. *Wilson,* 41 Vt. 567; *Chamberlain & Co.* v. *Rankin,* 49 Vt. 133; *Chamberlin* v. *Fuller,* 59 Vt. 247, 9 Atl. 832; *Delaney* v. *Brown,* 72 Vt. 344, 47 Atl. 1067; *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912 A, 399; *Manley* v. *Johnson,* 85 Vt. 262, 81 Atl. 919; *Oben* v. *Adams,* 89 Vt. 158, 94 Atl. 506. The motion was properly overruled. This holding shows the exceptions to the refusal to charge according to the seventh, twelfth, and thirteenth requests, to be without merit.

The defendant requested the court to charge that if what may seem a statement of facts is accompanied by other statements which show such statement to be merely opinion, such apparent statement of facts is not ground for an action of fraud.

An exception was taken to the failure of the court so to charge, or to give any instruction equivalent thereto. On this subject the court instructed the jury that representations made by a seller of property, must be of matters of fact then existing and not mere matters of opinion or estimates; that when it comes to matters of opinion or estimates, both parties are entitled to their own opinions and their own judgment; that if a seller gives his opinion or estimate in good faith as to the acreage in the farm he is selling, he may do so without risk of being sued if it is not correct; that representations or statements as to the value, quantity, or quality of the property being sold, are not usually actionable, but are generally considered to be matters of opinion; that if a person makes false statements as of his own knowledge, when he knows he has no such knowledge, but merely believes them to be true, such statements are actionable; that in the trial of such a case, and of this case, the question of whether representations of the defendant were statements of fact or matter of opinion or estimates only, was for the jury under the circumstances to determine. These instructions covered the subject-matter of the request, and were in law sufficiently favorable to the defendant.

Defendant's eighth request was, that if in the purchase of the farm the plaintiffs relied upon their own judgment and examination, in such a way that their own examination and personal judgment were the moving reasons for their action, then they can not recover. On this subject the court charged that to entitle the plaintiffs to recover, they must satisfy the jury that in making the purchase they relied upon the representations of the defendant instead of their own judgment and opinion as to the size of the farm; and that its size and boundaries were not open to the knowledge of the plaintiffs and they must prove this by a fair balance of the evidence. As applied to this case, the difference between the request and the first clause of the foregoing part of the charge, which defendant undertakes to make in argument, is too unsubstantial to be of consequence. And when the two clauses are taken together, the charge given was more favorable to the defendant than he was by law entitled to have it.

The eleventh request, that if the defendant represented the land to be about one hundred acres, or that he did not know exactly how much the acreage was, or that it was supposed to be a

hundred acres more or less, such representations were on their face statements of opinion on which this action would not lie, was properly refused. In view of the evidence tending to show that the representations made were false and fraudulent, the question raised by this request could not be ruled as a matter of law.

An exception was saved to the noncompliance with the fourteenth request, that if the plaintiffs took possession of the farm, occupied and used it for a long space of time, to wit, from twelve to fifteen months, without finding any fault, the jury might consider such fact as evidence that the suit was not brought in good faith, but caused by other reasons than a desire to obtain justice. Defendant's attorneys were at liberty to argue this fact to the jury, for what it was legitimately worth as evidence on any particular question; but they were not entitled to have it emphasized by special attention in the charge, and the refusal of the court was not error.

The fifteenth request goes to the question of damages. It is that in considering whether the plaintiffs have been injured by any misrepresentations of the defendant it is proper and material to consider whether or not the plaintiffs made a full examination of all the property, real and personal; whether or not they received property fully worth the price they paid; and whether or not they were fully satisfied with their trade and found no fault and made no complaint about it until they had taken possession of the farm, and during the space of one year thereafter had expressed their full satisfaction with their trade and the value of the property. The court charged that if the plaintiffs were entitled to recover, the measure of damages was the difference between the value of the farm as it actually is and its value as it would have been if it had been as represented by the defendant, taking into consideration the "present claim of the plaintiffs, limited as they say, to the south pasture." The plaintiff's claim of shortage in area was confined to the pasture thus named. This part of the charge was such as expressed the true rule applicable to the circumstances of the case, and was without error. *Bowman* v. *Parker,* 40 Vt. 410. The request contained elements not proper for consideration on that question, and was therefore rightly ignored.

The eighteenth request was based upon the supposition that the jury find that the plaintiffs went upon the land and had the

34

boundaries pointed out to them, etc. But their evidence tended to show that they did not enter the south pasture, and that the boundaries thereof were not pointed out to them. The verdict established the facts accordingly. This being so, the noncompliance with that request was harmless to defendant. *Smith* v. *Anderson,* 70 Vt. 424, 41 Atl. 441.

The nineteenth request, that if the property, including both real and personal, sold to the plaintiffs by the defendant was fairly worth the amount received for it, it is evidence that there was no fraud in the sale, was substantially complied with. The jury were instructed in effect that they had a right to look into the value of the property received by the plaintiffs under the purchase, as bearing on the question whether any false representations were made by the defendant.

The twentieth request, "If after full examination of the real and personal property plaintiffs were satisfied to pay for the same as they did, then whatever may have been the value of the property, the value is not evidence of fraud," is broad enough to include the circumstance of gross exaggeration as to price paid, and is unsound in law. We recently held that gross exaggeration of price is a circumstance calculated to arouse a suspicion of fraud, and is admissible in evidence as such. *Belka* v. *Allen,* 82 Vt. 456, 74 Atl. 91. The element contained in the request as to the plaintiffs being satisfied to pay for the property after full examination, does not, as matter of law, entirely take away the evidential force of such exaggeration. At the time of the conveyance, the plaintiffs paid part cash, and gave a mortgage to secure the rest of the purchase money, one hundred dollars to be paid thereon yearly. One payment was subsequently made. It may be that they were satisfied to make this subsequent payment, and seek their redress by way of an action for fraud and deceit, as they have done. The matter of value and of price paid would still be for consideration by the jury on the question of fraud.

*Judgment affirmed.*