HARVEY I. CUTTING'S ADMINISTRATRIX *v.* JOHN A. J. CUTTING.

January Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 1, 1917.

*Fraud—Equitable Relief.*

Plaintiff, administratrix of an estate against which defendant had presented a claim for allowance, refrained from presenting in offset a balance due from defendant to the estate, in reliance upon de-

fendant's assurance that it was not necessary to do so, and that he would allow it in part payment when the plaintiff was ready to pay the debts of the estate. After the allowance of his claim by the commissioners and after the time for renewing the commission had expired, defendant refused to allow the claim of the estate in part payment. *Held*, plaintiff was entitled to equitable relief.

APPEAL in Chancery. Heard on demurrer to the bill of complaint in vacation after the September Term, 1915, Washington County, *Waterman*, Chancellor. *Pro forma* decree overruling the demurrer and adjudging the bill sufficient. Defendant appealed. The opinion states the case.

*C. D. Edgerton* for plaintiff.

*Edward H. Deavitt* for defendant.

POWERS, J. The plaintiff is the administratrix of the estate of Harvey I. Cutting, who was a brother of the defendant. At the time of his death, the decedent owed the defendant several promissory notes, which were duly presented to the commissioners for allowance as debts against the decedent's estate. There was also an unsettled account between these brothers, on which there is said to be a large balance due the estate. When the notes were presented as above stated, the plaintiff called the defendant's attention to this balance, and they then considered the matter of presenting it to the commissioners. The defendant then assured the plaintiff that it was not necessary to present this offset; that the amount was uncertain and difficult to determine; and that it could be left until she was ready to pay his claim; and that he would then look it up and allow it in part payment. The plaintiff relied upon this advice and assurance and in consequence thereof omitted to present to the commissioners this balance as an offset to the defendant's claim. Thereupon, the commissioners allowed the defendant's claim in full. They filed their report in 1910, and nothing further was done in the matter until 1915, when the defendant took steps to collect the full amount of his allowance, and he now refuses to allow thereon the balance due on the open account. The plaintiff brings this bill of chancery predicated upon the foregoing facts; the defendant demurs

thereto for lack of jurisdiction and want of equity, and brings the case here by appeal from a *pro forma* decree against him.

The plaintiff states a case entitling her to equitable relief. All agree that her offset, not having been presented to the commissioners, is now barred. The time for renewing the commission has expired. She has, then, by confiding in and relying upon the advice and assurance of the defendant himself lost the means of enforcing her claim. Such an injustice the court of conscience will not tolerate. "One acknowledged principle on which the courts of equity give relief," says Lord Redesdale in *Bond* v. *Hopkins,* 1 Sch. & Lef. 413, "is to prevent an advantage gained at law from being used against conscience." And the advantage which this defendant now has is against conscience, because it was induced and obtained by an assurance which he now repudiates.. This is fraud. Not actual fraud, perhaps, the kind that comes from a wicked and malicious purpose, but constructive fraud, at least, the kind that is of this character because of the results that follow.

Whenever one thus obtains such an advantage over his adversary, equity will step in to the end that the latter shall not suffer for his credulity or the former profit by his own wrong. This principle has been recognized, approved or applied in a long and unbroken line of Vermont cases. *Emerson* v. *Udall,* 13 Vt: 477, 37 Am. Dec. 604; *Pettes* v. *Bank of Whitehall,* 17 Vt. 435; *Burton* v. *Wiley,* 26 Vt. 430; *Holmes* v. *Clark,* 46 Vt. 22; *Camp* v. *Ward,* 69 Vt. 286, 37 Atl. 747, 60 Am. St. Rep. 929; *Delaney* v. *Brown,* 72 Vt. 344, 47 Atl. 1067; *Scoville* v. *Brock,* 79 Vt. 449, 65 Atl. 577, 118 Am. St. Rep. 975; *French* v. *Raymond,* 82 Vt. 156, 72 Atl. 324, 137 Am. St. Rep. 994.

*The pro forma decree is affirmed and cause remanded.*