# HANNAH M. BENSON v. LESTER C. MORGAN, DAVID A. BENSON ET AL.

*Wife's separate contracts—Suit impleading her husband.*

A wife can hire out, with her husband's consent, and can sue for, recover, and keep her earnings.

A woman who is employed, with her husband's consent, by a firm in which he is interested, and which has full knowledge of her claims against them for her labor, will not be bound by any settlement

therefor, made without her authority, between her husband and the firm.

A married woman, in suing a firm in which her husband is a partner, must implead him as defendant, if the partners are not severally liable, in order to maintain her action.

Where a wife sues a firm in which her husband is concerned, and impleads him as a defendant, and she calls him as a witness in her own behalf, his consent to her testifying for herself and against him as a defendant, is presumed, if he is present in court and makes no objection.

Error to Newaygo. (Fuller, J.)    Jan. 11.—Jan. 18. .

ASSUMPSIT.    Defendants bring error.    Affirmed.

*E. L. Gray* and *George Luton* for appellants.    The Married Woman's Act of 1855 does not take from the husband the right to the joint earnings of himself and his wife by means of which the accumulations during coverture come exclusively to him: *Tong v. Marvin* 15 Mich. 71; *Glover v. Alcott* 11 Mich. 470; *Jenne v. Marble* 37 Mich. 319; the earnings of a married woman during her coverture are the property of her husband, and he can make no contract with her in relation to them; also see: *Elliott v. Bently* 17 Wis. 592; *Connors v. Connors* 4 Wis. 112; *Edson v. Hayden* 20 Wis. 682; but see *Stimson v. White* 20 Wis. 562.

*J. H. Palmer* and *M. Brown* for appellee.    Even at the common law a husband might give his wife her earnings: *Tillman v. Shackleton* 15 Mich. 447; *West v. Laraway* 28 Mich. 464; *Mason v. Dunbar* 43 Mich. 408; *Connors v. Connors* 4 Wis. 112; 2 Kent's Com. 163; *Peterson v. Mulford* 36 N. J. L. 481; *Harrington v. Gies* 45 Mich. 374.

MARSTON J.    The plaintiff brought an action of *assumpsit* against the defendants for work and labor performed by her in a hotel.    She declared generally upon the common counts and gave evidence of a special agreement under which she was to receive one dollar per day.    At the time the agreement was made, and while the services were being

performed, her husband, it was claimed, was interested with the other defendants, and that this claim, if any ever existed, was, in a settlement made between plaintiff's husband and his co-defendants, taken into consideration and paid.

All of the material questions raised in this case have already been settled in this Court, and we need but refer to the cases. The plaintiff, with the consent of her husband, had a legal right to enter into the agreement relied upon and the money earned thereunder she would be entitled to have, sue for and recover. *Mason v. Dunbar* 43 Mich. 407.

According to the plaintiff's theory the defendants all had full knowledge of her claim, and if in a settlement made with her husband this was considered and adjusted, without her authority, she would not be bound thereby. *Moore v. Foote* 34 Mich. 443.

The plaintiff could maintain an action against all the defendants jointly. The mere fact that her husband was a party defendant would not deprive her of a remedy. They were not severally liable, so that unless she could join her husband as a party defendant, she could not maintain the action, if the non-joinder was pleaded. In *Moore v. Foote* 34 Mich. 443, and *Osborn v. Osborn* 36 Mich. 49, actions were brought by married women against members of firms in which their husbands were partners, and the actions maintained.

The husband was present in court and was examined as a witness on behalf of the plaintiff, and no objection was made by him to her testifying in the cause. When the husband is present in court and makes no objection, his consent must be presumed. This case does not in this respect come within the ruling in *Hubbell v. Grant* 39 Mich. 643. In that case Mrs. Grant was not present, and her consent could not therefore be inferred from her silence.

The other questions raised we do not deem of importance and, as we discover no error in the record, the judgment must be affirmed with costs.

The other Justices concurred.