GOVE AND HARRINGTON *v.* CHESTER DOWNER.

*Contract to be Construed by Court, not by Referee. Judicial Notice.*

1. It is for the court and not a referee to construe a written contract.
2. A contract written in clear and common language should be construed according to the ordinary acceptation of the word.
3. JUDICIAL NOTICE. The court will not take judicial notice of the time when the pasturing season closes.

ASSUMPSIT. Heard on a referee's report, December Term, 1885, Orange County, ROWELL, J., presiding. Judgment for the plaintiffs. The referee found, in addition to the facts stated in the opinion the following : "It was admitted that the plaintiffs bought the entire lot of cattle to slaughter, and use in their business as butchers, and that the cattle were to run in Mr. Downer's pasture without charge, and be taken by the plaintiffs as they should, from time to time, need them in their business ; and that when taken they be, so far as taken, paid for. It was claimed by the defendant that the plaintiffs named that they should require one or two a week ; and that, as he understood the trade, within eight weeks all would be

taken and paid for, viz., by October 15th at the latest." The other facts are sufficiently stated in the opinion.

*Lamb & Tarbell*, for the defendant.

Courts may take judicial notice of whatever ought to be known within their jurisdiction, as of the course of nature, seasons, times, etc. Best Ev. s. 253; 1 Greenl. Ev. 10; Steph. Dig. Ev. 116. The finding of a referee is conclusive if there was any evidence tending to establish it. *Harris* v. *Howard's Estate*, 56 Vt. 695; *Martin* v. *Wells*, 43 Vt. 428.

*R. M. Harvey*, for the plaintiffs.

The referee did not construe this contract. From evidence not objected to and proper he found what the contract was. Both parties admitted and claimed by evidence and argument that the cattle were not to be paid for until taken; and the dispute was *when* they were to be taken,—the defendant claiming that they were to be taken by October 15th, and the plaintiff at the end of the pasturing season. Both parties relying on a contract different from the note, it is too late to have the case tried upon some other issue. There is no time fixed by law or custom when the pasturing season closes. It is a question of fact depending on circumstances.

The opinion of the court was delivered by.

WALKER, J. The question presented in the argument of this case is whether the defendant is entitled to recover under his plea and declaration in offset the balance of fifteen dollars which he claims is due to him upon the following note and lien upon the cattle described therein, viz.:

" $230. "Sharon, Aug. 15, 1883.

"For value received I promise to pay Chester Downer or order two hundred and thirty dollars on demand, with interest annually. This note is given for eight head of cattle, and said cattle are to remain the property of said Downer until they are paid for. The signers have taken out one cow of the eight

Gove *v.* Downer.

head to-day which they are to dress to-morrow at Chas. Harrington's. If said cow does not dress 500 pounds, including beef, hide and tallow, there is to be a discount on this note of ten dollars.

(Signed)    O. B. Gove.

" Witness—Chas Downer.      F. A. Harrington."

It appears from the referee's report that the several items of cash, amounting to $160, charged in plaintiffs' specifications, were paid and applied on the note in payment of six head of the cattle named in the lien at the time the plaintiff took them away under the contract evidenced by it; and that the $10 discount charged should be deducted from the note, as of its date under the agreement mentioned in the lien. These sums being applied leave an unpaid balance of $60 on the note, and interest. November 3, 1883, the defendant notified the plaintiffs by letter, which they received in due course, that he should sell the two head of cattle mentioned in the lien, which they had not paid for and taken from the defendant's pasture (where he had permitted them to run without charge), if not paid for and taken by the Wednesday following (November 7), and endorse the amount received on their note. The cattle not being paid for and taken, the defendant sold them upon his lien, November 7, for forty-five dollars, which sum the referee finds was their fair market value at that time. This being applied on the note leaves the sum of fifteen dollars, which the defendant seeks to recover. The referee reports that the plaintiffs did not deny that the defendant had a lawful right to sell the cattle as he did if the unpaid balance of sixty dollars on the note was then due. The note, by its terms, is made payable on demand, with interest annually; and the referee finds that no question was made concerning it except as to whether anything was due to the defendant under the entire contract at the time the cattle were sold upon the lien. This would seem to be a conclusive finding that the unpaid balance of sixty dollars was then due.

But notwithstanding the note was by its terms payable on demand, with interest annually, the referee finds " that a *fair construction* of the contract of August 15, 1883, permitted the plaintiffs to let the cattle run in defendant's pasture during the season of pasturing; and that until taken, if taken within that time, the pay was not due"; and reports that there was no proof either way as to when the pasture season of that year closed, except the bare date of November 7, 1883; and upon that date alone he finds that it was not in contemplation of the parties, when the contract was made, August 15, 1883, that the pasture season would extend beyond November 1st then next; and upon that ground and no other finds that the plaintiffs were in default, under their contract of August 15, as to said two cattle, not taken and paid for on and after November 1st. The plaintiffs claimed before the referee, and still insist, that they were not in default, that the pasture season was not closed November 7th, and that in the absence of all testimony upon that point it cannot be so found; and that upon all the facts found and stated in the report, the defendant cannot recover for the depreciation in the value of the cattle sold upon the lien. And the referee reports that the defendant cannot recover the fifteen dollars balance if the date of sale, November 7, 1883, is not in itself sufficient evidence upon which to find the fact that the pasturing season had then closed, and submits the question to the court.

As to this question of evidence, which becomes of no importance in the view we take of the case, we hold that although courts take judicial notice of what they ought to know within their jurisdiction, such as the ordinary course of nature, seasons, times, etc., yet they do not take judicial notice of any particular day or time on which the pasturing season in any year terminates in this latitude. When that fact becomes material, in any case, it must be proved like any other fact, and be determined from the evidence bearing upon the question; and from such evidence as satisfies the tribunal upon whom rests the duty of determining the fact. What may be

sufficient evidence under the circumstances of one case may not be in another differently circumstanced. A particular date, as November 7, or any other date proximate to the close of autumn and the opening of winter, is evidence proper to be considered by the trier in determining the fact. Cases might arise where the date itself, when considered in connection with the trier's general knowledge of the seasons, of which courts are expected to take notice, would be sufficient evidence upon which the fact might be found that the pasturing season of the year had closed before the date given. But it cannot be held as matter of strict law that the bare date of November 7, in itself, was sufficient evidence upon which to find the fact that the pasturing season of 1883 closed before Novembea 1st.

But we think the other facts found by the referee are controlling and decisive, and that the time when the pasturing season of 1883 closed is in no way determinative of the issue on trial; and that the referee's technical finding in reapect thereto is wholly gratuitous and immaterial. The referee has not found that the parties made any other contract in reference to the cattle than the one of August 15, which is evidenced by the note and lien signed by the plaintiff. He does not find that they at any time agreed that the pay for the cattle should not become due till the close of the pasturing season, nor that they ever made any agreement modifying the original contract as to time of payment which, by the terms of the note, was on demand. But he finds, as he states in his report, that the *fair construction* of the contract of August 15, 1883, permitted the plaintiffs to let the cattle run in the defendant's pasture during the season of pasturing, and that until taken, if taken within that time, the pay was not due. In this the referee exceeded his jurisdiction and entered upon the domain of the court; and showed, by accident probably, a ready facility in transforming, by conconstruction, a written promise to pay money in terms payable on demand, with interest annually, into a promise to pay at the close of pasturing season without interest. We are not able to agree with the referee in his construction of the con-

tract in question, and probably, on reflection, he would not expect it. We think the contract is couched in common and clear language, and that the words should be construed in their ordinary acceptation, and when so read the contract must be held to be one payable on demand. As the note was payable on demand, and as no agreement has been found between the parties changing the time of payment, it follows that the unpaid balance of $60 thereon was due at the time the defendant sold the cattle upon his lien, and that he had a lawful right to sell them and apply the avails towards the extinguishment of his claim, and is entitled to recover the balance of $15 claimed, after deducting the small amount allowed the plaintiffs by the referee upon their specifications.

The judgment of the County Court is therefore reversed, and judgment rendered upon the report for the defendant to recover of the plaintiffs $11.91 and costs.