SEWARD J. AINSWORTH *v.* LUCRETIA M. STONE.

January Term, 1901.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*Qualification of witnesses—Surviving party to cause of action—V. S. 1237*—One claiming under a deceased party to a contract or cause of action in issue and on trial may call the surviving adverse party as a witness. The surviving party is not then a witness in his own favor.

*Oral license to lay aqueduct and take water—Termination .of the license*—If one lays pump logs over the land of another and takes water by means thereof from a spring on such land to his own premises, acting under permission given orally and without consideration, the taking of water is by virtue of a license which expires with the life of the logs.

CHANCERY.   Upon pleadings and findings in an action at law, that were by agreement treated as the report of a special master, at the December Term, 1900, Rutland County, *Tyler,* Chancellor, a decree was rendered, *pro forma* and without hearing, dismissing the bill.   The orator appealed.

*Joel C. Baker* for the orator.

*G. L. Rice* and *G. E. Lawrence* for the defendant.

START, J.   The orator asks to have established a right to continue to take water from a spring situate on the defendant's land, and for an injunction restraining the defendant from interfering with such right and from prosecuting actions at law based on such taking.

It appears that some forty-five years ago, when Elias W. Kent, the defendant's father, owned the land on which the spring is situated, one Batcheller laid pump-logs from the spring to his premises and thereby conducted water to his dwelling-house; that the defendant's father deceased in 1883, and she then became the owner of the land.   In 1884, Batcheller, by his deed of warranty, conveyed the premises to Joel W. Ainsworth; and Ainsworth, without the consent or knowledge of the defendant, put a lead pipe from his premises through the pump-logs to the spring, and water has since been drawn through the pipe.   At the time the pipe was put in, the logs had become so decayed that it was necessary to put in new logs or lead pipe.   In putting in the pipe, the old logs were taken up at intervals, and some were so badly decayed that

they were not used in laying the pipe. In 1886, Ainsworth conveyed his premises to the orator. .

On the testimony of Batcheller, which was received subject to the orator's objection and exception, it is found that Batcheller conferred with Kent before putting in the pumplogs and taking the water, and, without consideration, obtained Kent's permission to do so. From these findings, under the holding in *Allen* v. *Fisk,* 42 Vt. 462, and *Clark* v. *Gladden,* 60 Vt. 702, it is clear, that the water was originally taken under a license which terminated with the life of the logs; and that, before the lead pipe was put in by the orator's grantor, Batcheller and the orator's grantor had received the full benefit of Batcheller's expenditure and the right to the water had terminated. The lead pipe having been put in without the consent or knowledge of the defendant, it was put in without right; and the terminated right to draw the water was not revived by this expenditure.

But the orator insists that Batcheller was not a competent witness to the arrangement under which the water was taken, the other party being dead. If the arrangement found from the testimony of Batcheller can be regarded as the contract or cause of action in issue and on trial, Batcheller was one party to the contract and Kent the other. The orator claims title under Batcheller and the defendant under Kent. Under these circumstances, when Batcheller was called as a witness by the defendant, he was a witness for the adverse party and was not called and admitted to testify in his own behalf. The defendant, standing in the place of Kent and claiming under him, was the adverse party, and Batcheller was a competent witness for her. The statute is for the benefit of the representative of the deceased party, and only prohibits a party from being a witness in his own behalf when the other party to the contract or cause of action in issue and on trial is dead.

It does not prohibit the representative of the deceased party from waiving the statute and calling the other party to the contract to testify in his favor. V. S. 1237; *Paine* v. *Mc-Dowell,* 71 Vt. 28; *Linsley* v. *Lovely,* 26 Vt. 123; *Morton* v. *Jackson,* 1 Smedes and Marshall, 494, 40 Am. Dec. 107.

*Affirmed and remanded.*