J. E. Cowles *v.* Josiah Cowles' Estate.

October Term, 1908.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed November 17, 1908.

*Action    against    Decedent's    Estate—Witnesses—P. S. 1590— Hearing  Before  Commissioners—Claimant    There  Testify- ing in His Own Favor—Administrator's Failure to Object— Effect  on  Appeal—Waiver  of  Incompetency—Cross-Exam- ination—Erroneous Restriction.*

Where, at a hearing before the commissioners for allowance of claims on a decedent's estate, the executor or administrator, without objection, allows a claimant to testify in his own favor, the provi-sion of P. S. 1590 that "when an executor or administrator is a party, the other party shall not be permited to testify in his own

favor," except as therein specified, is thereby waived, and such claimant made a competent witness in his own favor not only there, but subsequently in county court on appeal.

On trial of an appeal from the allowance of a claim by commissioners on a decedent's estate, it appeared that at the hearing below there were present the claimant, an attorney for two of the four heirs, and the administrator, who had in no way employed the attorney; that after the claimant had informally stated his claim the attorney caused him to be sworn and examined him generally as to the nature and extent of his claim and as to his agreement with the deceased, but that the administrator neither made nor suggested any inquiry, and that the appeal was taken at the instance of the attorney's two clients. *Held* that the trial court was justified in finding from this that claimant was used as a witness before the commissioners at the request of the estate; and, properly held that the statutory bar was thereby waived and claimant rendered a competent witness in his own favor on appeal.

Defendant's motion for a directed verdict is properly denied where there is evidence tending to establish plaintiff's claim.

In an action against a decedent's estate to recover a balance on claimed mutual transactions between plaintiff and the decedent, plaintiff's wife testified in his favor on direct-examination that during the six years prior to decedent's death he furnished toward his support one pig, half a beef, and some tea and coffee, and such items were credited in plaintiff's specification. *Held,* error to exclude the cross-question whether the witness had seen any books on which those items were charged or credited.

APPEAL by the administrator of Josiah Cowles' estate from the allowance by the commissioners of a claim presented by the decedent's son, J. E. Cowles. Declaration, general assumpsit in the common counts. Pleas, the general issue and Statute of Limitations. Trial by jury at the December Term, 1907, Addison County, *Miles,* J., presiding. Verdict and judgment for the claimant. The defendant excepted.

At the close of all the evidence the defendant moved for a directed verdict in its favor for that the evidence did not tend to show any express promise, or that there was any mutual understanding between the claimant and the decedent, that the items in the claimant's specifications should be paid for. Motion over-ruled, to which the defendant excepted.

The principal items of the debit side of claimant's specifications were for keeping decedent's horse; for the use of a horse; for the board of decedent, and for repairing his buildings during the six years prior to his death, and while the claimant and the decedent were living together on the latter's farm, whither claimant's evidence tended to show he had moved at the decedent's request that he would do so, operate the farm, and take care of him. The claimant testified that he furnished board and care to the decedent with the expectation that it would be paid for, and that he "understood that the decedent would pay for it"; that the decedent told him that he would furnish "such and such stuff toward his board," and said "I want to stay with you a few years, perhaps later I will go to the Street,"—meaning New Haven Village,—"to board."

*Davis & Russell* for the defendant.

The administrator was not affected nor bound by the actions of the attorney of the two heirs before the commissioners. There is no privity between heir and administrator. *Pond* v. *Pond's Est.,* 79 Vt. 352; *Jacob Tome Inst.* v. *Davis,* 87 Md. 591, 41 Atl. 166.

Even if the fact "that the plaintiff was used as a witness on the former trial by the request of the defendant" was properly found by the court, its holding thereon that he was a competent witness was erroneous. There was no express waiver of the statute, and the implied waiver was effective only in that tribunal. *McKinney* v. *Grand St. R. R.,* 10 N. E. Rep. 544.

The statute raises a question more like that presented where a person who has in one trial testified to incriminating matters, upon another trial claims the benefit of his privilege. The case of *Green* v. *Crapo,* 62 N. E. 956, a case of alleged waiver of confidential communications with an attorney, was decided by the Supreme Court of Massachusetts upon the authority of *McKinney* v. *R. R. Co. supra,* but the court recognized a distinction applicable to cases of alleged waiver of privilege as to evidence to incriminate, and cited the case of *Railroad Co.* v. *Lybrend,* 99 Ga., 421, 27 S. E. 794. Mr. Wigmore, Vol. 4, Sec. 2328, cites with approval *Green* v. *Crapo, supra,* and bases it upon the fact "that there is no longer reason for secrecy." Mr. Wigmore recognizes the distinction sug-

gested above.  He lays down the rule "That the waiver in the accused taking the stand is limited to that particular proceeding in which he thus volunteers testimony."  "His voluntary waiver before a coroner's inquest, or a grand jury, or other preliminary and separate proceeding, is therefore not a waiver for the main trial."  Wigmore on Evidence, §2276.  *Ovenend* v. *Superior Court,* 131 Cal. 280, 63 Pac. Rep. 372; *Samuel* v. *People,* 164 Ill. 379, 45 N. E. 728; *Cullen* v. *Com.,* 24 Gratt. 624; *Temple* v. *Com.,* 75 Va. 892; *Emery* v. *State,* 101 Wis. 627, 78 N. W. 145.

It was error for the court to restrict the cross-examination of claimant's wife as it did.  *Sprague* v. *Waldo,* 38 Vt. 141; *Putnam* v. *Town,* 34 Vt. 429; *Knapp* v. *Wing,* 72 Vt. 334.

Where parties sustain the relation of parent and child, to entitle either to recover against the other for services or support, an express contract must be shown or it must appear that the circumstances were such as to show a mutual expectation of the parties that the support or services were to be paid for.  *Sawyer* v. *Hebard,* 58 Vt. 376; *Wescott* v. *Wescott's Admr.,* 69 Vt. 234; *Harris* v. *Currier,* 44 Vt. 469; *Briggs* v. *Briggs' Est.,* 46 Vt. 577; *Davis* v. *Goodman,* 27 Vt. 717; *Andrews* v. *Foster,* 17 Vt. 556; *Fitch* v. *Peckham,* 16 Vt. 156.

*J. B. Donoway,* and *J. E. Cushman* for the claimant.

The administrator knowing full well what was being done before the commissioners and making no objection thereto because he was evidently willing, if not desirous, to have the plaintiff sworn and testify, adopted such procedure and consented thereto.  *Benson* v. *Morgan,* 50 Mich. 77, 14 N. W. 705; *Ainsworth* v. *Stone,* 73 Vt. 101.  The administrator must be bound by the acts of those whose assistance he was accepting. *Dee* v. *King,* 77 Vt. 232; *Paine* v. *McDowell,* 71 Vt. 28; *Linsley* v. *Lovely,* 26 Vt. 123; Wig. Ev. §§486, 2328.

TYLER, J.  This is an appeal by the administrator of Josiah Cowles' estate from the allowance by the commissioners thereon of a claim in favor of the plaintiff.  Assumpsit in the common counts; pleas, the general issue and Statute of Limitations.

1.  At the trial in the county court the plaintiff offered himself as a witness to prove the items in his specification.  He did not claim that he was a competent witness under any exception

to P. S. 1590, but he did claim that the defendant had waived the provisions of the statute by calling him as a witness at the hearing before the commissioners. The defendant objected to his testifying upon the ground that he was barred by the statute, and he testified under the defendant's exception.

It was competent for the administrator to waive the statute and permit the plaintiff to testify. *Ainsworth* v. *Stone*, 73 Vt. 101, 50 Atl. 805. In *Paine* v. *McDowell*, 71 Vt. 28, 41 Atl. 1042, the oratrix called the defendant as a witness and proved by him the making of the contract in controversy with a party who had deceased; *held* that she thereby waived her right to object to him for incompetency when he was subsequently called by the other side. See *Linsley* v. *Lovely*, 26 Vt. 123.

If there was a waiver and the plaintiff became a competent witness it was by reason of the following facts that the evidence tended to show: The firm of Davis & Russell, attorneys, had been employed by two of the four heirs to the estate to appear at the hearing before the commissioners. Russell appeared in that capacity, but was not employed by the administrator. The plaintiff having stated his claim and the arrangement and understanding that existed between him and the intestate, Russell requested that he be sworn, which was done, when Russell examined him generally as to the nature and extent of his claim and as to the understanding and arrangement claimed by him to have existed.

It appeared that the administrator was present when the plaintiff was sworn and heard him testify; that he made no objection; that the plaintiff's testimony was generally about his account; that the administrator made no inquiries and directed none to be made of the plaintiff with reference to his claim; that he did not employ Russell until after the hearing and then about taking an appeal; that the appeal was taken at the instance of the two heirs whom Russell represented.

The court found that the plaintiff was used as a witness before the commissioners at the request of the defendant and held that the statutory bar to his testifying was waived and that he was therefore competent to testify as a witness in his own favor.

Mr. Russell represented the interests of two of the four heirs. The administrator represented the interest of all the heirs, therefore to an extent the attorney and the administrator

represented the same interests. They were alike interested to resist the plaintiff's claim, for, if it were allowed, the distributive shares of the heirs would be diminished. The apparent purpose of Russell's examination of the plaintiff was to gain information concerning his claim so that the estate might be prepared to defend against it. In this the administrator and Russell had a common interest.

By the common law rule a married woman was incompetent to testify for or against her husband in a civil action, but it is laid down in Wig. on Ev. Sec. 2242 (3) that a failure to object upon the calling of the wife to the stand is equivalent to consent. In *Benson* v. *Morgan,* 50 Mich. 77, 14 N. W. 705, a married woman had sued a firm in which her husband was concerned and called him as a witness in her favor; *held,* that consent was implied from the defendant's presence in court and failure to object.

As was said by the Court in *Ainsworth* v. *Stone, supra:* "The statute is for the benefit of the representatives of the deceased party, and only prohibits a party from being a witness in his own behalf when the other party to the contract or cause of action in issue and on trial is dead. It does not prohibit the representative of the deceased party from waiving the statute and calling the other party to the contract to testify in his favor."

There was no error in the finding that the administrator consented to the plaintiff's testifying before the commissioners, for there was evidence tending to support it.

2. The waiver of the incompetency of the plaintiff as a witness in proceedings before the commissioners bound the defendant in the hearing on appeal. *Green* v. *Crapo,* 181 Mass. 55, 62 N. E. 956, is authority on this point. There the plaintiff testified without objection in the probate court to a privileged communication between himself and the defendant. In the trial in the Superior Court objection was raised to the plaintiff's testifying in his own behalf, but the court ruled that the objection had been waived and the testimony was admitted. The Supreme Court sustained the ruling, saying in the opinion: "The privacy for the sake of which the privilege was created was gone by the appellant's own consent." * * *

3. There was evidence tending to show that the plaintiff returned to the home farm to carry it on and take care of his

father, the intestate, upon a mutual understanding between them that the plaintiff was to be paid for his services; therefore, the defendant's motion for a verdict was properly overruled. *Robinson* v. *Larabee,* 58 Vt. 652, 5 Atl. 512.

4.   The plaintiff introduced his wife as a witness and she testified that certain things were furnished by the intestate towards his board, which the plaintiff claimed were included in the transactions between himself and the intestate and which he claimed should go into the adjustment of the accounts between them.   The witness testified that in the six years prior to the death of the intestate he turned in one pig, half a beef, and tea and coffee towards his support.   She was not inquired of in her direct examination whether these items were made the subject of a book account, nor whether any account or memoranda of the several items and transactions were kept by the parties.   On cross-examination the defendant inquired of her whether she had ever seen any book upon which these items were charged or credited.   The question was objected to by the plaintiff and excluded by the court upon the defendant's refusal to inform the court of the purpose of the inquiry.

The plaintiff claimed that there were mutual transactions between himself and the intestate.   In his specification, which is referred to in the exceptions, he states an annual account and credits the intestate each year with potatoes, pork, beef, tea, and coffee to the amount of $24.50, aggregating in the six years— 1901 to 1906, inclusive—$195.56 which he deducts from the amount of his annual charges for the same time for boarding the intestate, keeping and use of his horse and work performed,— $1,512.49.     The answer given by the plaintiff's wife in her direct examination related to the items claimed by the plaintiff to have been furnished by the intestate and tended to establish the plaintiff's claim of mutual transactions.   The question asked her by the defendant's counsel and excluded was in the line of proper cross-examination for the purpose of ascertaining the source and extent of her knowledge of the matter about which she had before testified.

*For the error in denying the right· to cross-examine the judgment must be reversed and cause remanded.*