## JOHN B. MANLEY v. PETER JOHNSON.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON AND POWERS, JJ.

Opinion filed December 1, 1911.

*Consent Judgments—Status—Oral Stipulations in Court—Effect when Acted on—Setting Aside—Consideration—Evidence on Motion for Certified Execution—Fraud—False Representations—Reliance—Laches—Examining Records.*

Where the empaneling of a jury was deferred at the request of defendant, and a settlement was then agreed on, with the understanding that the agreement should be reduced to writing and signed by the parties, and thereupon the case was entered 'with the court for judgment as per stipulation," that understanding was merely supplemental to the agreement, and the subsequent refusal of defendant to sign the agreement did not affect the validity of the judgment rendered in accordance therewith; nor was the case within the rule of court that, when the parties differ as to an oral agreement, the court will disregard it, for there was no disagreement when the court made the entry providing for the judgment afterwards rendered.

Where the empaneling of a jury was deferred at the request of defendant, and a settlement was then orally agreed on by the parties, and thereupon the case was entered with the court for judgment as per stipulation, the waiver by plaintiff of his right to a trial by jury at that time was a sufficient consideration for the consent of defendant to the docket entry that entitled plaintiff to judgment in accordance with the settlement agreement.

On the hearing of a motion for a certified execution in an action for deceit, after judgment for plaintiff pursuant to a settlement made by the parties, evidence offered by defendant to limit the amount for which the execution could be granted was properly excluded, for the agreed amount of the judgment could be treated only as damages for the deceit alleged.

A party to a contract is entitled to rely on the representations of the other party as to his ownership of designated property, without examining the records.

A judgment rendered by consent carries all the rights incident to a judgment on a verdict.

CASE for deceit in the exchange of automobiles. Plea, the general issue. The case stood for trial by jury at the September Term, 1910, Windham County, *Taylor*, J., presiding. As the jury was about to be called, at the request of the defendant the empaneling of the jury was deferred, and the parties then began negotiations for settlement, and finally they agreed that the defendant should pay the plaintiff $300 on or before December 15, or there should be judgment for the plaintiff for that sum, and thereupon the case was entered with the court for judgment as per stipulation, with the understanding that the agreement should be reduced to writing and signed by the parties. Later the defendant refused to sign the agreement. At a sitting of the court in January, on request of the defendant's counsel, the matter was allowed to stand over until the reassembling of the court in February, when judgment was rendered for the plaintiff for $300 damages and his costs. The defendant excepted. The opinion states the case.

*Gibson & Waterman* for the defendant.

An oral stipulation that a plaintiff may take judgment by default cannot be enforced. *Barnes* v. *Smith*. 34 Ind. 516; *Smith* v. *Wadleigh*, 17 Me. 353; *Broone* v. *Wellington*, 3 N. Y. Sup. Ct. 664; *Roberts* v. *Patridge*, 118 N. C. 355. Besides our court rules require such stipulations to be in writing, and this fact makes the cases just cited controlling. *Bradford* v. *Downes*, 49 N. Y. 521; *Smith* v. *Smith*, 119 N. C. 311. And defendant had the right to rescind the agreement, if that could be done so as not to prejudice plaintiff's rights. *Cambria Iron Co.* v. *Carnegie Steel Co.*, 185 U. S. 403.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

MUNSON, J. The declaration charges that the defendant induced the plaintiff to give him credit on an exchange of automobiles, by falsely and fraudulently representing that certain real estate owned by him was free from incumbrance, when said real estate was in fact mortgaged for its full value as the defendant well knew.

It appears that while the case was pending before the jury, and as the jury was about to be called, the empaneling of the jury was deferred at the request of the defendant, and that negotiations for settlement were thereupon had and the terms of settlement agreed upon, and that the case was entered with the court for judgment as per stipulation, with the understanding that the agreement should be reduced to writing and be signed by the parties. Later, the defendant refused to sign the stipulation. The agreement was that the defendant should pay three hundred dollars before the fifteenth of December, or there should be a judgment for the plaintiff in that amount.

At a sitting of the court in January, upon the request of defendant's counsel, the matter was allowed to stand over until the reassembling of the court in February, and judgment was then entered for the plaintiff for three hundred dollars damages, and costs. The defendant excepted to the judgment on the ground that he had not had his day in court, and that no such proceedings had been had as would entitle the plaintiff to a judgment.

It is argued for the defendant that the understanding that the agreement should be put in writing and signed was a part of the oral agreement, and that the failure to sign the stipulation left the agreement incomplete and of no effect. We think, however, that this understanding must be treated as supplemental to the agreement. The agreement itself was at once carried into effect by counsel by having the docket entry made. It is argued further that there was evidently some disagreement as to what should be included in the stipulation, and that a rule of court provides that when parties differ as to an oral agreement the court will disregard it. But there was no disagreement for the court to consider when it made the entry which provided for the judgment afterwards rendered. It is said that the agreement was without consideration; that the defendant had a right to withdraw from it if it could be done without prejudice to the plaintiff; that his refusal to sign the stipulation was a complete withdrawal; and that the plaintiff's rights could have been saved by a continuance. This argument entirely ignores the main feature of the transaction. The plaintiff was entitled to a trial by jury at that time, and he waived

this right in consideration of the defendant's consent to a docket entry which entitled him to a judgment in accordance with an agreement which it was understood should be evidenced by a writing. We think the defendant's subsequent refusal to sign the writing did not deprive the court of its power to enter up a judgment in accordance with the agreement.

It does not appear that the court was asked to strike off or disregard the first entry on any claim of mistake, fraud or undue advantage. It does not appear that any question was raised as to the manner in which the agreement was ascertained, nor as to the correctness of the finding. The only claim presented by the exception taken to the judgment was that no proceedings had been had that entitled the plaintiff to a judgment. In fact nothing appears, in addition to the matters above stated, until we come to the report of the proceedings on the motion for a certified execution. Defendant's only claim touching the agreement was that the amount agreed upon was to cover certain contract obligations; and this claim was made in the hearing on the motion for a certificate, had after the judgment was entered, and was advanced solely in opposition to the motion.

In the hearing on the motion for a certified execution, the court excluded an offer of defendant to show that certain matters of contract were taken into consideration in determining the amount for which judgment should be entered. The evidence was offered as limiting the amount for which a certified execution could be granted. The ruling was correct. The court could not properly treat the agreed amount for which judgment had been entered as anything other than damages for the deceit alleged.

Defendant proposed to inquire of the plaintiff whether he did not understand that all real estate mortgages were recorded in the town clerk's office; claiming that it was the duty of the plaintiff to examine the records and not rely on what the defendant told him. The question was properly excluded. The plaintiff was entitled to rely on the defendant's representations concerning his ownership of a specific piece of property. *Childs v. Merrill,* 63 Vt. 463, 22 Atl. 626, 14 L. R. A. 264.

At the close of the evidence received on this hearing de-

fendant moved that the writ be dismissed, .because issued and served as a *capias* on a wrong growing out of contractual relations. The court overruled the motion, and granted a certified execution; and defendant excepted to the granting of the certificate.

The case is unmistakably an action for deceit. The questions argued as to the plaintiff's right to this remedy were disposed of by agreeing to the judgment. It is not claimed but that the facts which the evidence tended to establish were sufficient to justify the granting of a certificate. But it is said there was no agreement that the plaintiff should have a certified execution. Plaintiff's right to one did not depend on there being an express agreement. A judgment taken by consent carries with it all the rights incident to a judgment rendered on a verdict. See *Grand Isle* v. *Milton*, 68 Vt. 234, 35 Atl. 71; *Harris* v. *Harris' Est.*, 82 Vt. 199, 215, 72 Atl. 912.

*Judgment affirmed.*