ARCHIBALD MELLEN *v.* UNITED STATES HEALTH AND ACCIDENT

INSURANCE COMPANY.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, AND POWERS, JJ.

Opinion filed January 8, 1912.

*Review—Necessity of Exception—Unbriefed Exception—General Exception to Charge—Scope—Law of the Case—Construction of Writings—Question for the Court.*

A ruling that the record does not show was excepted to below will not be reviewed.

A general exception to the whole charge does not reserve the question of the submission of a particular issue to the jury.

An exception not briefed by the exceptor will not be considered.

A former decision of this Court in the same case is the law of the case, controls in subsequent proceedings therein, and will not be reviewed on substantially the same state of facts.

The construction of a writing is for the court when all the requisite facts are known and undisputed.

ASSUMPSIT on a health and accident insurance policy. Plea, the general issue. Trial by jury at the April Term, 1911, Windham County, *Butler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. This case has been once before in the Supreme Court; see 83 Vt. 242.

*Joseph Madden* and *A. P. Carpenter* for the defendant.

*Gibson & Waterman* for the plaintiff.

ROWELL, C. J., This is assumpsit on a health and accident insurance policy, which provides that no claim thereunder shall be valid unless written notice is given to the company at Saginaw, Michigan, within twenty days from the date of injury or beginning of the illness for which claim is to be made. That date

in this case was Dec. 31, 1903.  The testimony on the part of the plaintiff tended to show that he gave the required notice within the required time by depositing it in the post office, stamped and properly adressed to the company at Saginaw. The testimony on the part of the defendant tended to show that it never received such a notice.  The court left it to the jury to say whether it did or not, and the jury must have found that it did.  The defendant now claims that this was error, but as it does not appear that the action of the court in this respect was excepted to, the matter is not considered.  If counsel think that the general exception to the whole charge is available as an exception to this part of it, they are unmindful of the repeated rulings to the contrary.

The policy also provides that in case of disability, indemnity will be paid only for the time the assured is under the profesional care and attendance of a qualified physician or surgeon. The defendant excepted to the charge as to the length of time the plaintiff's evidence tended to show that he was under such care and attendance, but as the exception is not briefed it is not considered.

The policy further provides that if the assured is disabled by accident or illness for more than one month, he or his representative shall, as a condition precedent to recovery thereunder, furnish every thirty days a report from his attending physician or surgeon, fully stating his condition and probable duration of his disability.  There was nothing to show that this provision was complied with.  But the plaintiff claimed that it was waived by the defendant's letters of February 24 and March 9, 1904, in the former of which it wrote to its local agent in Brattleboro to the effect that as the plaintiff had not complied with the requirements of his policy, in respect of giving notice of the commencement of the disability for which he expected to make claim, it saw no reason why it should entertain his claim; and in the latter of which it wrote to its said agent that inasmuch as the conditions of the policy had been clearly violated, it did not feel that it should be held liable, and asked the agent to advise the plaintiff to that effect.  The plaintiff had been disabled by his accident more than one month before the first of said letters was written, and the defendant requested the court to charge

that no waiver of this condition in the policy could be inferred before the denial of liability by the letter of February 24, 1904. But the court refused to charge as requested, but charged a waiver by reason of the letters, as their contents were made known to the plaintiff before the time elapsed within which he was bound to furnish proof of loss; to all which the defendant excepted, and now insists that its request to charge should have been complied with, and that the charge on the subject of waiver of said provision was wrong, for that there was a breach of it before the first letter was written. But when this case was here before—83 Vt. 242, 75 Atl. 273—it was expressly held that said provision was waived by the denial of liability contained in said letters. But the defendant says that then this subject apparently was not clearly brought to the attention of the Court, and that it seems that the Court took it for granted that there was no violation of the policy in this respect until after the letter of February 24. Be this as it may, it is certain that the facts now shown concerning the matter are the same as the facts then shown, and that being so, the decision then is the law of the case now and must control, for this Court will not review its former decision in the same case made upon substantially the same state of facts. This is the established rule in this State as shown by a long line of cases. *Sherman* v. *Estey Organ Co.*, 69 Vt. 355, 38 Atl. 70.

It is further claimed that it was for the jury to say whether those letters amounted to a waiver. But that they did amount to a waiver was ruled before as a question of law, and that ruling is controlling now. Besides, the construction of writings, when once the facts necessary for fixing it have been ascertained, as they were here, none of them being in dispute, is for the court and not for the jury. Thayer, Prelim. Treat. Ev. 205, *et seq.*

*Judgment affirmed.*