PERLE PLANT *v.* CARL AHLBERG ET AL.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed October 6, 1931.

*Carl J. Strand* and *Neil D. Clawson* for the defendant.

*Frank E. Barber* and *Ralph E. Edwards* for the plaintiff.

THOMPSON, J. This is an action of tort for deceit in the sale of a Dodge automobile truck. There was a trial by court and a finding of facts filed, which was not excepted to. There was a judgment for defendant David Ahlberg, and a judgment for the plaintiff against defendant Carl Ahlberg, hereinafter called the defendant.

18

 The defendant excepted to the court's refusal to find in compliance with some of his requests for findings, and has briefed certain of these exceptions. The merits of these exceptions can be determined only by an examination of the evidence, which is not before us for this purpose. The only reference to the evidence in the bill of exceptions is that "during the trial objections were made by defendant's counsel to the admission and exclusion of evidence, all of which objections and exceptions are shown by the official transcript, which is made controlling. but need not be printed." The use of the transcript is thus limited to the examination of the questions raised during the hearing on the merits, none of which are briefed. A transcript which is referred to for designated purposes will not be considered for other purposes. *Roach* v. *Caldbeck*, 64 Vt. 593, 24 Atl. 989; *Fraser* v. *Nerney*, 89 Vt. 257, 95 Atl. 501; *Lynch's Admr.* v. *C. V. Ry. Co.*, 89 Vt. 363, 380, 95 Atl. 683; *Cutler Co.* v. *Barber*, 93 Vt. 468, 472, 108 Atl. 400; *Stevens* v. *Bowker*, 93 Vt. 480, 108 Atl. 347; *Dent* v. *Bellows Falls St. Ry. Co.*, 95 Vt. 523, 526, 116 Atl. 83.

 The only other exception briefed is an exception to the judgment. The only question argued by the defendant under this exception is whether the findings support the judgment.

It appears from the findings that on or about November 19, 1929, the plaintiff moved two loads of household goods for the defendant from a farm in Marlboro, formerly owned by the latter, but now owned by one John Carpenter, to a house in Brattleboro, formerly owned by said Carpenter, but now occupied by the defendant; that the price for moving said goods was twenty-five dollars; that on November 21, 1929, the defendant sold the Dodge truck, which was then in the possession of the said Carpenter on the farm in Marlboro, to the plaintiff for the price of the moving job and twenty-five dollars in money, which the plaintiff then paid to the defendant; that at the time of the sale, the defendant represented to the plaintiff that he owned the truck and "that it was free from all claims of every nature," and he then executed and delivered the following instrument to the plaintiff: "I hereby give Mr. Plant all rights and claims on the Dodge truck on said John Carpenter's farm in Marlboro, Vermont. Moving amounts to twenty-five dollars

and received twenty-five dollars from Pearly Plant. Brattleboro, Vermont. Dodge truck Yr. 24.''

It also appears from the findings that the defendant had previously sold said truck to said John Carpenter and had executed and delivered to him a bill of sale of said truck and other personal property on said farm in Marlboro, and that he knew the truck was included in the bill of sale when he sold it to the plaintiff. When the plaintiff went to get the truck Mrs. Carpenter refused to let him have it, and told him about the bill of sale and that the truck was the property of her husband.

The defendant claims that the findings do not support the judgment, because the court below did not expressly find that the defendant made the representations about the truck with the intent to have the plaintiff act thereon, and that the plaintiff believed them and relied upon them in purchasing the truck.

It is true that there is no direct finding of these facts. But the defendant knew that the representations were false; and he must be taken to have intended that they should be acted upon by the plaintiff, for that intent inhered in the nature of the transaction. *Roberts* v. *W. H. Hughes Co.*, 86 Vt. 76, 99, 83 Atl. 807. There is no need of a direct finding that the plaintiff relied upon the representations, as that fact may be inferred where, as here, the representations were material and calculated to induce the plaintiff to purchase the truck. *Ste. Marie* v. *Wells*, 93 Vt. 398, 108 Atl. 270. The court below ought to have inferred these essential facts from the facts found, and this Court will presume in favor of the judgment that it did infer them. *Labor* v. *Carpenter*, 102 Vt. 418, 422, 148 Atl. 867; *Roberts* v. *W. H. Hughes Co., supra*, 86 Vt. at page 108, 83 Atl. 807; *Farmers' Exchange* v. *Walter M. Lowney Co.*, 95 Vt. 445, 449, 115 Atl. 507; *Chamberlain* v. *Whitney*, 65 Vt. 488, 27 Atl. 72. This exception is not sustained.

*Judgment affirmed.*

NOTE. Mr. Justice Willcox sat at the hearing of this case, but took no part in the disposition of it.