STEPHEN B. COLLINS *v.* ESTATE OF MABEL V. COLLINS.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM. JJ.

Opinion filed October 18, 1932.

*Wm. R. McFeeters* for the defendant.

*M. H. Alexander* for the plaintiff.

THOMPSON, J. This is an appeal by the administrator of Mabel V. Collins' estate from the allowance by the commissioners thereon of a claim in favor of the plaintiff. The case was heard on a referee's report and defendant's exceptions thereto. The exceptions were overruled and judgment rendered on the report for the plaintiff to recover $571 damages and his costs. The defendant brings the case here on exceptions to the judgment and to the action of the court in overruling his exceptions to the report and to the refusal of the referee to comply with certain requests for findings.

The plaintiff was the husband of the defendant's intestate. At the hearing before the referee he offered himself as a witness to prove the items in his specification. He did not claim that he was a competent witness under any exception to G. L. 1891; but he did claim that the defendant had waived the provisions of that section of the statutes by allowing him to testify as a witness at the hearing before the commissioners without objection. The defendant objected to his testifying upon the ground that he was disqualified by the statute, and he testified under the defendant's exception.

It appears from the record that the plaintiff did testify at the hearing before the commissioners to all matters relating to his claim as appears in his specification, and that the administrator was present and made no objection to his testifying.

It has been held repeatedly by this Court that since the statute is for the benefit of the representative of the deceased party, it is competent for the administrator to waive its provisions and permit the other party to testify. *Paine* v. *McDowell*, 71 Vt. 28, 31, 41 Atl. 1042; *Ainsworth* v. *Stone,* 73 Vt. 101, 50 Atl. 805; *Dee* v. *King,* 77 Vt. 230, 59 Atl. 839; *Cowles* v. *Cowles' Estate,* 81 Vt. 498, 71 Atl. 191; *Comstock's Admr.* v. *Jacobs,* 84 Vt. 277, 281, 78 Atl. 1017, Ann. Cas. 1918A, 679; *Id.* 89 Vt. 133, 137, 94 Atl. 497, Ann. Cas. 1918A, 465.

The defendant says that the point in question was not passed upon in any of these cases; that in each case the administrator called the disqualified party as a witness; and that the extent of the holdings in these cases is that the administrator, by using the other party as a witness, waived his incompetency under the statute, and the latter was therefore competent to testify as a witness in his own behalf. But the point in question was raised in *Green's Admr.* v. *Mason,* 84 Vt. 289, 79 Atl. 48, 50, and it was there held that "the representative of a deceased party may waive the disqualification of the statute either by himself calling the disqualified witness or by permitting him to testify without objection." And the waiver of the incompetency of the plaintiff as a witness in the proceedings before the commissioners bound the defendant in the hearing on appeal. *Cowles* v. *Cowles' Estate, supra; Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 137, 94 Atl. 497, Ann. Cas. 1918A, 465. As the case stood before the referee the plaintiff was competent to testify and it was not error to receive his testimony.

The defendant excepted to most of the findings on the ground that they are based upon the testimony of the plaintiff, an incompetent witness; but, for the reasons we have just given, these exceptions are not sustained, and will not be referred to again.

It appears from the referee's report that the plaintiff and his wife were tenants by the entirety of one-half of the Collins Block in St. Albans and lived together in an apartment in the block for seven years before they separated. They had acquired a quantity of furniture and household goods which were kept and used by them in their apartment. They had domestic troubles and separated, and on September 16, 1926, the plaintiff left the apartment, as furnished, in the possession of his wife.

They never lived together thereafter, but she continued to occupy the apartment and was in control of it until she left it February 13, 1927. There were negotiations for a settlement of their property affairs, and on February 5, 1927, they executed a contract, through a trustee, whereby the plaintiff was to pay his wife certain sums of money and do certain other things, not material here. The referee found that the plaintiff performed all of his part of the contract in every respect.

Paragraph 6 of the contract reads as follows:

"Said wife in consideration of said premises * * * * agrees to vacate the apartment now occupied by her * * * * on or before the 12th day of February, 1927, and leave in said apartment as the property of her husband all of the household furniture and contents of the apartment occupied by her, excepting her clothing, ornaments and baggage, the property so left to be the sole property of the husband."

Mrs. Collins vacated the apartment the morning of February 13, 1927, and went to Montreal. The plaintiff took possession of the apartment that morning. He then found that most of the contents of the apartment had been removed, and all of the articles mentioned in his specification were gone. This was the first time he was in the apartment after he left in September, 1926.

During the negotiations for a settlement the attorney for the deceased submitted to plaintiff's attorney a written statement, Plaintiff's Exhibit 2, as a basis upon which a settlement might be had. It appears from this statement that the plaintiff was "to have the furniture and contents of the apartment, excepting, of course, Mrs. Collins' clothes, ornaments, baggage and personal belongings," and certain other things which are not material here.

The plaintiff seeks to recover the value of certain articles of personal property which were in the apartment when he left it September 16, 1926, and which were gone when he took possession of it February 13, 1927.

The referee found "that all of the goods mentioned in the claimant's specifications were in the apartment at the time claimant left the same September 16, 1926, and were goods referred to in the statement of the deceased's attorney presented to claimant's attorney as a basis of settlement, Plaintiff's Ex-

hibit 2. I find that within two days before the final settlement and agreement was signed, Plaintiff's Exhibit 1, the attorney for the claimant inquired whether the goods were there and was informed that they were, and the agreement was made and signed with the expectation and belief on the part of the claimant that they were there in the apartment as when he left it.''

The referee also found ''that all of the goods mentioned in plaintiff's specification were given away, sold, destroyed or taken away by the deceased in her lifetime, the exact date did not appear, whether before or after the signing of the agreement, but was between September 16, 1926, and February 13, 1927, while the deceased was in the possession and control of the apartment, except from the evidence I find that the set of silverware * * * was given by the deceased to her brothers just before Thanksgiving and before the signing of the agreement of settlement. I am unable to find the value of the above specific silverware as no evidence was introduced as to their value independent of the other silverware.''

■ ■ The defendant excepted to these findings on the ground that ''they necessarily involve a finding by the referee that the final contract between the parties, Plaintiff's Ex. 1, did not fix their status.'' The defense on the merits of the case is that the contract of settlement, executed February 5, 1927, governs and fixes the status of the parties, and that under paragraph 6 of the same, which we have quoted, the plaintiff can recover only for such goods mentioned in his specification as were proven to be in the apartment when the contract was executed and were disposed of by the decedent between that time and February 13, 1927. There is no merit to this exception, as the findings do not contain the implied finding of which the defendant complains.

This defense raises a question of law to be decided by the court on the facts reported, and the referee took this view of it. He reported that if the court were of the opinion that the plaintiff could, on the facts found, recover only for the goods proven to be in the apartment when the contract was executed (naming them), ''then from the evidence in the case I am unable to find the value of said specific articles except the percolator, which is of the value of $5.00.''

■ Ordinarily it is for the court to construe a written contract (*Gove* v. *Downer,* 59 Vt. 139, 7 Atl. 463; *Mellen* v. *U. S. Health & Acc. Ins. Co.,* 85 Vt. 305, 307, 82 Atl. 4; *Thompson-Starrett Co.* v. *E. B. Ellis Granite Co.,* 86 Vt. 282, 289, 84 Atl. 1017), and, nothing appearing to the contrary, the contract would be given the construction claimed for it by the defendant; but the plaintiff claims that he was induced to execute the contract by reason of the fraud of the decedent.

The referee found that all the goods mentioned in plaintiff's specification were in the apartment when he left it in September, 1926; that he executed the contract relying upon the representation of the decedent, made two days before the contract was executed, that such goods were then in the apartment as when he left it. That this representation was false appears from the finding that the decedent gave a certain set of silverware to her brothers just before Thanksgiving, 1926.

■ The defendant argues that the plaintiff had the right to protect himself by an examination, and, since he failed to do this, he is bound by the contract. The referee found that after the plaintiff left the apartment in 1926 he did not have access to it until the decedent left it February 13, 1927. And he was not required to make any inquiry as he was entitled to rely upon the representation made to him by the decedent. *Island Pond Nat. Bank* v. *Lacroix et al.,* 104 Vt. 282, 158 Atl. 684; *Manley* v. *Johnson,* 85 Vt. 262, 265, 81 Atl. 919; *Oben* v. *Adams,* 89 Vt. 158, 162, 94 Atl. 506; *Maidment* v. *Frazier,* 90 Vt. 520, 527, 98 Atl. 987; *Ste. Marie* v. *Wells,* 93 Vt. 398, 404, 108 Atl. 270.

■ ■ There is no direct finding that the decedent knew that the representation was false and that it was made with the intent to have the plaintiff act thereon. It fairly appears from the findings that she knew that the representation was false, and she must be taken to have intended that the representation should be acted upon by the plaintiff for that intent inhered in the nature of the transaction. *Plant* v. *Ahlberg,* 104 Vt. 16, 156 Atl. 535; *Roberts* v. *W. H. Hughes Co.,* 86 Vt. 76, 99, 83 Atl. 807. It will be presumed in favor of the judgment that the court below inferred these essential facts from the facts found. *Plant* v. *Ahlberg, supra,* and cases cited.

The defendant claims that the decedent as wife of the plaintiff and joint tenant of the property in the apartment had the

right to possess and dispose of the same before the contract was executed. But if this were so, which we do not decide, it did not give her the right to induce the plaintiff by false statements to execute the contract. The circumstances were such that good faith required her to disclose the true state of the property in the apartment to prevent the plaintiff from being defrauded. *Mallory* v. *Leach,* 35 Vt. 156, 85 A. D. 625; *Newell Brothers* v. *Hanson,* 97 Vt. 297, 305, 123 Atl. 208; *Moncion* v. *Bertrand,* 98 Vt. 332, 339, 127 Atl. 371.

■ The fraud of the decedent rendered the contract voidable (*Loverin* v. *Wedge,* 102 Vt. 138, 141, 146 Atl. 248; *Norton* v. *Gleason,* 61 Vt. 474, 478, 18 Atl. 45; *Whitcomb* v. *Denio,* 52 Vt. 382, 383, 388), but the plaintiff had the right, which he exercised, to affirm the contract and bring an action to recover the damages occasioned by the fraud. *Whitcomb* v. *Denio, supra; Land Finance Corp.* v. *Sherwin Electric Co.,* 102 Vt. 73, 81, 146 Atl. 72, 75 A. L. R. 1025.

What we have just said disposes of the other exceptions to these findings as they are based upon the ground that the contract governs and fixes the status of the parties.

■ The referee found that the goods mentioned in the plaintiff's specification and which were in the apartment when he left in September, 1926, and were disposed of by the decedent between that time and when she left the apartment February 13, 1927, were of the value of $571. The defendant excepted to this finding ''because the specifications include articles concerning which the referee specifically finds that he can find no value.''

The plaintiff testified to the value of the property in question and was cross-examined about the same. There was no objection to his testimony on this subject-matter. Some specific articles are set forth in the specification, but other articles are grouped, such as ''silverware,'' ''bed and table linen,'' ''framed pictures,'' etc. While the plaintiff testified about the specific articles in each group he did not testify, as to their individual value, but as to their value as a group. The referee was unable to find the value of certain specific articles because there was no evidence of their value other than the value of the group in which they are included. The testimony of the plaintiff supports the finding. The exception is not sustained.

■

The defendant also excepted to this finding on the grounds that it is based upon the presumption that what was in the apartment in September, 1926, was there on February 5, 1927, and because there was no evidence as to what was in the apartment on that day. There is no merit in these exceptions, and they are not sustained.

██ ██ The defendant excepted to the refusal of the referee to find that the contract of settlement was a contract through a trustee, ''and any rights and claims thereunder as between the parties thereafter must be enforced in the name of the trustee.'' It appears from the referee's report that the contract was executed through a trustee. There was no error in his refusal to find that the action should have been brought in the name of the trustee as that was a question of law for the court. *Darby* v. *First Nat. Bank,* 57 Vt. 370; *Fuller* v. *Adams,* 44 Vt. 543. No exception was taken to the judgment on this ground, so the question is not before us for consideration.

██ The defendant has briefed exceptions to the finding of the referee as to certain bills contracted by the decedent before the execution of the contract and thereafter paid by the plaintiff. The defendant was not harmed by this finding, as the items involved were disallowed by the court, and we do not consider the exceptions.

There are other exceptions which have not been considered because the findings involved are not material in our view of the case, or, for reasons already stated, the exceptions cannot be sustained.

*Judgment affirmed. To be certified to the probate court.*