## Juanita Shearer, Administratrix of Estate of John S. Shearer v. Earl D. Welch and Moleta Welch

[ 223 A.2d 552 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 4, 1966

*Davis, Martin and Free* for plaintiff.

*Otterman and Allen* for defendants.

**Holden, C.J.** The plaintiff administratrix of the estate of her deceased husband John S. Shearer, instituted these proceedings in the Court of Chancery for Orange County, claiming the defendants have defaulted in a contract for the purchase of a farm residence and greenhouse property in Bradford, Vermont, owned by the decedent. The plaintiff seeks to establish the contract as an equitable mortgage and to foreclose the defendants from any and all interest in the premises. The plaintiff prevailed. The defendants appeal.

The complaint alleges the defendants agreed to pay the purchase price of $14,000, together with interest in annual installments of $1,200, until the total purchase price was paid in full. It charges the defendants have defaulted in payment of the annual installments and claims $8,674.05 to be due with interest from June 1, 1962.

The defendants answered by setting forth that they agreed to pay a total purchase price of $14,000 without interest and that this amount has been paid except for $500 which has been tendered to the plaintiff. Pleading payment, the defendants deny any default in the contract.

The answer further avers that the written contract of purchase and sale does not correctly state the true agreement of the parties. The defendants allege that prior to the execution of the contract the parties directed the draftsman to correct the written agreement by eliminating the requirement for the payment of interest. In substance, they seek affirmative relief, asking the chancery court to establish their right and title to the premises. They also pray that the plaintiff be ordered and directed to convey the subject premises by warranty deed and that their title to the property be quieted.

It appears from the evidence presented to the chancellor that the decedent was the father of the defendant Moleta Welch. The defendant Earl Welch is her husband. They moved to the Shearer residence in 1947, at the request of the decedent, to enable Mrs. Welch to care for her mother, Mrs. Shearer, who was then ill. Mr. Welch was to assist his father-in-law with the greenhouse and light farming operation.

Following Mrs. Shearer's death the decedent engaged an attorney in Bradford to prepare the contract in controversy. By its terms the seller reserved one room in the home to use and occupy without rent or charge.

The clause in dispute provides:

"Now, therefore, the said SELLER does hereby undertake and agree to sell, and the BUYERS to purchase the said above described premises at and for the sum of FOURTEEN THOUSAND DOLLARS ($14,000.00), consideration money; said purchase price to be paid as follows: $1,200.00 each and every year after date of this contract, until said purchase price is fully paid, interest is included in the $1,200.00.

When said total purchase price with interest, is fully paid by said BUYERS, said SELLER undertakes and agrees to make, execute and deliver to said BUYERS a good and sufficient warranty deed of said land and premises."

The words "interest is included in the $1,200.00" were typed into the instrument over an obvious erasure. Mr. Hastings, the attorney who drafted the instrument and attended and witnessed its execution, was called as witness by the plaintiff. After identifying the instrument, he testified about the erasure and stated this clause was written over the erasure before signing.

In cross-examination, counsel for the defendants sought to establish that, prior to the erasure, the agreement as first written provided for interest at four percent; that this was deleted at the direction of the decedent with the purpose of eliminating any requirement for interest above the purchase price of $14,000 and the annual installments of $1,200. It developed that there was some discussion between the parties at the time. Counsel inquired of the scrivener whether, in the instructions given him by the decedent, the subject of interest was mentioned. The plaintiff objected.

In resisting the plaintiff's objection to the question, counsel for the defendant pointed out to the chancellor that evidence sought to be elicited from the draftsman was to indicate the true agreement of the parties at the time of drafting. The examiner urged upon the court that the defendants should be entitled to examine the draftsman as to the subsequent statements and circumstances. The chancellor excluded the question, announcing he found no ambiguity in the writing and applied the parol evidence rule.

■ The restriction imposed on the cross-examination of the attorney, concerning the conversational instructions prior to the erasure, was in error. In proving the contract that is the foundation of this action, the plaintiff called upon the draftsman to explain the erasure and the words which superimpose it. This was entirely proper since extrinsic evidence is admissible to explain the alteration and the circumstances which attended it. 32A C.J.S., Evidence §933, p. 317. By the same rule, the defendants were entitled to cross-examine the draftsman in this area, including inquiry concerning the words and language which were erased. 4 Am. Jur. 2d, Alteration of Instruments §86.

The question should have been allowed for another reason. The defendants' answer raised the issue of mistake in the drafting of the contract. In essence, their prayer for affirmative relief requested reformation of the contract by reason of the mistake and specific performance of the contract as reformed.

The evidence which the defendants sought to develop was not for the purpose of varying the terms of a valid written agreement. To the contrary, it was designed to show that the contract, through error of the draftsman, did not speak the true agreement of the parties.

■ The elder Justice Powers clearly stated the rule and the reasons which underlie its application—"The jurisdiction of courts of equity to reform written instruments which through fraud or mistake fail to speak the true agreement of the parties, has long been firmly established. The strict rule of law, that parol evidence shall not be received to contradict or vary written instruments, is not enforced in equity in cases of this kind; but the court will ascertain the contract that the parties in fact made, and this must necessarily, in most cases, rest in parol." *Barry* v. *Harris,* 49 Vt. 392, 395; *Ward* v. *Lyman,* 108 Vt. 464, 470, 188 Atl. 892; *Goode* v. *Riley,* 153 Mass.

585, 28 N.E. 228, 229; 9 Wigmore Evidence §2417 (3d Ed.); 45 Am. Jur., Reformation of Instruments §113; 76 C.J.S. Reformation of Instruments §83b.

■ To justify relief the evidence must be strong and convincing. *Barry* v. *Harris, supra,* 49 Vt. at 395; *Ward* v. *Lyman, supra,* 108 Vt. at 464. But here the chancellor closed the door to the inquiry. The defendants were precluded from proving the defense asserted in their answer.

There were other rulings which improperly restricted the presentation of the defendants' case. The plaintiff interposed a timely objection to the competency of the defendant Earl Welch to testify in his own favor concerning transactions with the deceased, invoking 12 V.S.A. §1602. The witness was then asked if he was present in Probate Court at the time of the hearing on the will of John Shearer. Responding to the plaintiff's objection on grounds of competency and relevance, the defendants offered to show that this defendant "was called upon to testify before the Probate Court on matters about which the administratrix was inquiring—that a waiver took place permitting him to testify freely in matters concerning this litigation." The offer was rejected.

The ruling struck too soon. It denied the defendants the opportunity to demonstrate whether the administratrix had effectively waived the incompetency of this witness.

■ The representative of a deceased party may waive the statutory disqualification either by calling the witness or by permitting the witness to testify about the issues in suit in the instant case or in some antecedent proceeding. *Cowles* v. *Cowles Estate,* 81 Vt. 498, 502, 71 Atl. 191; *Green's Admr.* v. *Mason,* 84 Vt. 289, 293, 79 Atl. 48; *Trask* v. *Walker's Estate,* 100 Vt. 51, 62, 134 Atl. 853; *Collins* v. *Estate of Collins,* 104 Vt. 506, 509, 162 Atl. 361. The refusal of the trial court to entertain the defendants' offer to establish a waiver of the incompetency by the plaintiff in probate court was in error.

Later in the proceedings the defendants offered a certified copy of the inventory of the assets of the estate. In support of the offer it was stated that the plaintiff administratrix had valued the purchase and sale contract at the amount of five hundred dollars. This conformed to an interim accounting filed by the plaintiff administratrix

in the probate court. Her account indicated the balance due on the defendants' contract to be five hundred dollars. Consistent with the theory of the defense, these records of the probate court were offered as admissions by the plaintiff that the true agreement between the decedent and his son-in-law and daughter did not impose interest on the unpaid balance of the purchase price during the life of the contract. The chancellor rejected the probate records.

The evidence excluded appeared to be solemn and unequivocal declarations in writing made by the plaintiff in the discharge of her duties as the legal representative of the decedent. As such, they were competent admissions against the estate and should have been received. *Stone* v. *Stone,* 191 Mass. 371, 77 N.E. 845, 846; 4 Wigmore, Evidence §1076 (3d Ed.) ; 34 C.J.S., Executors and Administrators §786c; 21 Am. Jur., Executors and Administrators §960.

The errors, which prevail in these rulings by the chancellor, obstructed the defendants from establishing the issues presented by their answer. In consequence, the findings of fact were unduly restricted and failed to settle the controlling issues framed by the pleadings.

The findings merely compute the amount due on the basis of a six percent interest rate supplied by the chancellor. The decree enters judgment for the plaintiff in the amount due at the time of hearing, but makes no provision for equitable relief for either party. A new hearing is required to resolve the issues of fact joined in the pleadings and to afford the defendants an opportunity to present the evidence directed to these questions which was erroneously excluded.

We find no occasion to consider the other assignments of error claimed by the appellants. These points, if presented anew, will of necessity have to be determined within the context of the case as it is presented at the rehearing.

*Decree reversed and cause remanded.*